Hon. Thomas S. Zilly

IN THE UNITED STATES DISTRICT COUT
WESTERN DISTRICT
AT SEATTLE

| | |
|---|---|
| BRUCE EKLUND, an individual,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>THE CITY OF SEATTLE, SEATTLE MUNICIPAL COURT, a municipal corporation; FRED BONNER and JANE DOE BONNER, and their marital community; GAYLE TAJIMA and JOHN DOE TAJIMA, and their marital community; YOLANDA WILLIAMS and JOHN DOE WILLIAMS and their marital community; MARK PARCHER and JANE DOE PARCHER and their marital community,<br>　　　　　　Defendants. | No.   CV06-1815 Z<br><br>THIRD AMENDED COMPLAINT FOR WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY, ETC. |

**Deleted:** SECOND
**Deleted:** BREACH OF CONTRACT
**Deleted:** OF DISCLOSURE, DEFAMATION

COME NOW the plaintiff Bruce Eklund and alleges as follows:

1. Bruce Eklund (Eklund) is a resident of Federal Way, King County, Washington.

2. The Seattle Municipal Court ("SMC") is part of the City of Seattle, a municipal corporation.

3. Defendants FRED BONNER and JANE DOE BONNER; GAYLE TAJIMA and

THIRD AMENDED COMPLAINT
WRONGFUL DISCHARGE IN VIOLATION OF
PUBLIC POLICY, ETC - 1

CLEVELAND STOCKMEYER PLLC
8056 SUNNYSIDE AVE. N., SEATTLE, WA 98103
TEL (206) 419-4385

**Deleted:** SECOND
**Deleted:** FOR BREACH OF CONTRACT, ¶
**Deleted:** OF DISCLOSURE, DEFAMATION

EXHIBIT __A__

JOHN DOE TAJIMA; YOLANDA WILLIAMS and JOHN DOE WILLIAMS; and MARK PARCHER and JANE DOE PARCHER and reside, on information and belief, in King County, Washington, with defendant Bonner residing in the city of Seattle.

4. Defendants FRED BONNER, GAYLE TAJIMA, YOLANDA WILLIAMS and MARK PARCHER were at relevant times employees of SMC, and will be referred to herein by their last names.

5. On information and belief, in all relevant respects these defendants employed by SMC jointly decided on, agreed to, or knowingly helped carry out or acted in concert as to all wrongful acts complained of herein.

6. Eklund has complied with the requirement of giving prior notice to the City of Seattle of this claim, and the proper period has elapsed prior to commencement of this action since such notice was duly given.

6.5 Defendants were duly served. Thereafter, Defendants removed this action to the United States District Court for the Western District of Washington, at Seattle, on or about December 22, 2006.

**FACTS**

7. In May 2001 the SMC hired Eklund and in Spring of 2003 promoted him by laying him off then re-hiring him. SMC promoted Eklund to a position as a Strategic advisor/budget analyst, to delve into the SMC database and come up with information including information sought by City of Seattle the Department of Finance, on amounts that SMC was "losing" for the City due to fines reduced or waived by SMC, including information requested in writing and/or in electronic mail by officials of the Department of Finance. The SMC created Eklund's new position in order to better

THIRD AMENDED COMPLAINT
WRONGFUL DISCHARGE IN VIOLATION OF
PUBLIC POLICY, ETC - 2

CLEVELAND STOCKMEYER PLLC
8056 SUNNYSIDE AVE. N., SEATTLE, WA 98103
TEL (206) 419-4385

Deleted: SECOND
Deleted: FOR BREACH OF CONTRACT, ¶
Deleted: OF DISCLOSURE, DEFAMATION

1   assess its own performance regarding operations, revenue and other,

2   8.     Eklund's direct supervisors included Tajima, in charge of Court finances/budgets;

3   Judge Bonner, who was at this time Presiding Judge with supervisory control over the entire

4   Court; Court Administrator Williams, who reported to the judges and had supervisory

5   functions over all aspects of court operations and revenues (except for adjudication) ; and

6   Parcher, Director of Operations.

7   9.     Upon being hired, Eklund and SMC (through a letter or contract signed by Tajima)

8   entered into a written contract that provided that Eklund would receive described salary and

9   compensation, that he would perform described duties, that he would receive performance

10  reviews leading to the ability to receive raises or be promoted further, and that the first

11  performance review would be sooner than normal and thereafter there would be performance

12  reviews every six months. This document was signed by Tajima for SMC and by Eklund.

13  10.    The Department of Finance develops budget and City revenue information used by the

14  executive branch and the legislative branch of the City of Seattle who determine the City budget, and

15  relied on by the public, which is sovereign over such governments. The Department of Finance

16  projects City revenues including parking ticket revenues. To project revenues and budgets the

17  Department of Finance obtains revenue information from all City departments including SMC.

18  11.    Prior to this time, the City had cut the SMC budget.

19  12.    Defendants feared further SMC budget cuts or cuts in judge or magistrate positions.

20  Defendants had previously been embarrassed by prior revelations of judicial trips to Hawaii and

21  feared more bad news being given to the public.

22  13.    Certain state statutes set certain minimum amounts of certain fines to be given over to

Margin deletions (tracked changes):
- Deleted: answer or respond to these requests for information.
- Deleted: to enable the SMC to respond to these requests for information
- Deleted: that he would be terminated only for cause
- Deleted: As a result of this written contract and their understanding, Eklund was not an at will employee because Tajima promised Eklund a certain period of employment and/or raises at certain definite periods, as part of his contract, and/or that he would only be discharged for cause.
- Deleted: relevant to
- Deleted: , and
- Deleted: the information sought was needed to set City and SMC budgets.
- Deleted: SECOND
- Deleted: FOR BREACH OF CONTRACT, ¶
- Deleted: OF DISCLOSURE, DEFAMATION

THIRD AMENDED COMPLAINT
WRONGFUL DISCHARGE IN VIOLATION OF
PUBLIC POLICY, ETC - 3

CLEVELAND STOCKMEYER PLLC
8056 SUNNYSIDE AVE. N., SEATTLE, WA 98103
TEL (206) 419-4385

purposes such as local governments' law enforcement and public health facilities.

14. The SMC was unaware of whether or not it was complying with these statutes, was unaware of the amounts lost to fine reductions and had not previously provided such information to the City.

15. Eklund appropriately fulfilled his job duties, including obtaining the information sought and producing various reports.

16. Defendants wrongfully suppressed such reports and hid and jointly agreed to hide and suppress the information sought.

17. In October 2003 Eklund produced a report covering January - May 2003 showing the amount of fine reductions for parking and traffic tickets and in October 2003 Eklund produced a second report covering July 2002 through May 2003.

18. These reports showed significant sums of hundreds of thousands of dollars were being lost through fine reductions.

19. Tajima, Parcher, Williams and Judge Bonner were alarmed at the news, and jointly decided to suppress and to direct Eklund to suppress such reports and such information, including, among other directions, directions given by Tajima and Parcher at a closed door meeting with Eklund in which they told Eklund to not reveal this information to the City or the public, to not make any copy of the reports, to not make any copy that would be discoverable under the public disclosure laws, and in which copies at the meeting were physically thrown in the trash can.

20. At this meeting and at other times Eklund protested the directives to hide and suppress this information and reports, rather than release it to the City and through the City to the public.

21. Tajima stated to Eklund the information would be politically detrimental and could lead to budget cuts and loss of magistrates' and/or judges' positions.

THIRD AMENDED COMPLAINT
WRONGFUL DISCHARGE IN VIOLATION OF
PUBLIC POLICY, ETC - 4

CLEVELAND STOCKMEYER PLLC
8056 SUNNYSIDE AVE. N., SEATTLE, WA 98103
TEL (206) 419-4385

Deleted: SECOND
Deleted: FOR BREACH OF CONTRACT, ¶
Deleted: OF DISCLOSURE, DEFAMATION

22.     On information and belief, SMC and all defendants employed by SMC jointly discussed, were aware of, and decided to suppress this information by directing Eklund to keep it confidential and not reveal it, then jointly decided to retaliate against him and punish him for standing up for disclosure of this information.

23.     In early 2004 Eklund gave Bonner a memo showing correctly that the SMC was violating state laws which mandated certain portions of certain fines be paid to fund various programs such as public health and safety.

24.     Defendants directed Eklund to suppress this information too, over Eklund's protest that this information should be disclosed and that SMC should not violate the law.

25.     On or about June 15, 2004, Tajima sent Eklund an e mail stating Judge Bonner "has to be very careful with" the information on revenues that Eklund generated, and, "[we] don't want DoF [that is, the City of Seattle Department of Finance] to poke around to try to confirm" that fine reductions were losing a great deal of revenue for the City of Seattle. On information and belief, Tajima wrongfully failed to keep a copy of this e mail as required by law.

27.1    In July 2004, Eklund had complained in writing to the Seattle Ethics and Elections Commission and the Mayor about the wrongdoing by SMC discussed herein.

27.2    In retaliation for Eklund's position that the parking revenue information should be given to the Department of Finance and that SMC should not lie or misrepresent SMC's ability to provide requested information, and/or in retaliation for his complaining to the Seattle Ethics and Elections commission and the Mayor, SMC officials named herein terminated Eklund without cause.

27.3.   Starting in about October of 2003, and continuing to the present, SMC and the individual defendants employed by SMC retaliated against and punished Eklund for his standing up for

THIRD AMENDED COMPLAINT
WRONGFUL DISCHARGE IN VIOLATION OF
PUBLIC POLICY, ETC - 5

CLEVELAND STOCKMEYER PLLC
8056 SUNNYSIDE AVE. N., SEATTLE, WA 98103
TEL (206) 419-4385

Deleted: therefor
Deleted: ,
Deleted: SECOND
Deleted: FOR BREACH OF CONTRACT, ¶
Deleted: OF DISCLOSURE, DEFAMATION

disclosure, compliance with law, and his whistle blowing, including changing terms of work, spurious or pretextual investigations and allegations, violating his contract by failing to promote or give raises, and ultimately by terminating his employment, for wrongful motives and in an improper manner, then by defaming him in his personnel file and through statements to the media..

28.     SMC claimed Eklund "fixed tickets" and misused his public office by obtaining reductions in fines that had been added on to his own handful of unpaid parking tickets, but this was an incorrect claim and a pretext because among other reasons (a) he paid underlying tickets and most of the fines and the amounts of the fine reductions were trivial or in line with those obtained by an ordinary citizen, (b) he did not change his own fines or physically change the database himself, and instead obtained fine reductions in the same manner used by the public, to wit, going up to the public counter and asking an SMC employee to waive certain additional fines or penalties; (c) Eklund did not violate any work rule or policy, (d) other SMC employees engaged in similar conduct; no other SMC employee was terminated for any similar conduct, and/or (e) the Court had instituted a general policy allowing persons with tickets to generally obtain such fine reductions and members of the public received similar treatment as Eklund.

29.     On or about July 29, 2004 the SMC and the supervisors named herein discharged Eklund for this alleged misconduct regarding parking tickets and put documents in his personnel file stating that he had in substance abused his office, misused his office, had engaged in prohibited activity, had acted unethically, and/or had "fixed" his tickets.

30.1.   There was no proper name clearing hearing in connection with this discharge because at or in connection with a purported name clearing hearing (a) Judge Bonner refused to hear or consider Eklund's response to the allegations including his entire complaint of retaliation, (b) any other

Deleted: without cause and

Deleted: and

Deleted: SECOND
Deleted: FOR BREACH OF CONTRACT, ¶
Deleted: OF DISCLOSURE, DEFAMATION

THIRD AMENDED COMPLAINT                              CLEVELAND STOCKMEYER PLLC
WRONGFUL DISCHARGE IN VIOLATION OF              8056 SUNNYSIDE AVE. N., SEATTLE, WA 98103
PUBLIC POLICY, ETC - 6                                            TEL (206) 419-4385

decision makers followed Judge Bonner's decision, (c) Judge Bonner and others at the name clearing hearing could not properly hear a claim of retaliation implicating themselves in improper and unethical conduct.

30.2.   After July 29, 2004 SMC and the supervisors named herein altered these investigatory findings and republished and changed the documents in his personnel file without conducting a name clearing hearing.

31.   The real reason for the termination was Eklund's standing up for disclosure of information relative to SMC that the Department of Finance, executive and legislative branches of the City, the media and the public have a right to know, if this is a democracy, including his earlier protests to his supervisors, and his whistle blowing to others.

32.1.   At all relevant times defendants have known that information in Eklund's personnel file is publicly disclosable under Washington law could and likely would be made available to the media.

32.2.   When defendants terminated Eklund they informed him that information in Eklund's personnel file is disclosable and could or would be made available to the media.

32.3.   Beginning shortly after the discharge of Eklund, on information and belief, the SMC and individual defendants employed by SMC provided false information to the Seattle Times about Eklund, to carry out their purpose that the negative information regarding Eklund that they placed in his personnel file would damage him by being spread to the general public.

32.4.   On information and belief, in July or August of 2004, SMC officials including those named herein or others acting for them, told Seattle Times reporters, orally or in writing, that Eklund was one of five SMC employees who had "fixed tickets", misused their public offices, acted unethically, obtained special benefits not available to the public or other SMC employees, violated Court or city

THIRD AMENDED COMPLAINT  
WRONGFUL DISCHARGE IN VIOLATION OF  
PUBLIC POLICY, ETC - 7

CLEVELAND STOCKMEYER PLLC  
8056 SUNNYSIDE AVE. N., SEATTLE, WA 98103  
TEL (206) 419-4385

---

Deleted: .

Deleted: S

Deleted: the media and

Deleted: that defamed

Deleted: and portrayed him in a false light

Deleted: among other things, by wrongfully tying him to other SMC employees who personally or physically or secretly manipulated the SMC computer system to obtain changes in the amounts they owed on their own tickets, which Eklund was not accused of

Deleted: 2

Deleted: SECOND

Deleted: FOR BREACH OF CONTRACT, ¶

Deleted: OF DISCLOSURE, DEFAMATION

policies, and engaged in similar wrongdoing relating to their public employment and who had been terminated for such wrongdoing; implying that Eklund had misused his office or had engaged in conduct similar to the other five employees; and omitting material information necessary to avoid the conclusion that Eklund had misused his office, or acted equally wrongfully as certain other employees or had obtained special benefits in violation of policy or more than members of the public could readily obtain.

32.5.   In September 2004 SMC provided the Seattle Times with additional negative information about Eklund's conduct in connection with a combined charities campaign, in an effort to impugn Eklund further.

32.6.   In about October of 2004 the Seattle Times published an article entitled "Court cut parking and traffic fines, deeply, wouldn't tell mayor," which stated among other things that the SMC withheld information concerning reduced parking and traffic tickets from the executive branch, that analysts working for the mayor repeatedly asked for information about fine reductions but were told by court officials that detailed records couldn't be produced, and that "Deputy Mayor Tim Ceis said he didn't find the court's explanation on financial records credible. 'This is a trust issue we've got to deal with,' he said. 'we've been asking for this information, and the court said it didn't exist. I want to know why because obviously the reports did exist.'"

32.7.   The October 2004 Seattle Times article also stated that "In June 2004 Department of Finance analyst Barbara Gangwer asked Eklund several times for breakdowns of various court financial records, including the amounts of contested fines and their reductions. …In an interview, Gangwer confirmed she sought the information and never got it from the court. 'It was a bit of a mystery that I didn't get anything,' she said. 'My understanding was that they cannot track the dollar amounts per

THIRD AMENDED COMPLAINT
WRONGFUL DISCHARGE IN VIOLATION OF
PUBLIC POLICY, ETC - 8

CLEVELAND STOCKMEYER PLLC
8056 SUNNYSIDE AVE. N., SEATTLE, WA 98103
TEL (206) 419-4385

Deleted: SECOND
Deleted: FOR BREACH OF CONTRACT, ¶
Deleted: OF DISCLOSURE, DEFAMATION

case. I got a little annoyed because I hadn't seen anything.'"

32.8.   The statements made by the Seattle Times referenced in the above paragraphs 32.6 and 32.7 were true.

32.9.   The October 2004 Seattle Times article referenced above stated that "Eklund was fired in July for asking a co-worker to help him delay payment on several parking tickets"; "Bonner rejected [Eklund's] claim that [Eklund] was fired because of his reports on fine reductions"; a court disciplinary memo said that one in Eklund's position must "demonstrate[] personal integrity and the highest of ethical standards," and that "Bonner and other court officials said they couldn't comment further on Eklund's case because of the whistleblower investigation." Under the circumstances, the refusal to comment further in October 2004 amounted to additional action by defendants to damage Eklund.

33.   The express or implied statements referenced in paragraph 32 were false and defamatory and were intentional and malicious and constituted further retaliation and punishment, as well as an attempt to pre-discredit Eklund in advance should he pursue his rights, and resulted in publication of articles in the Seattle Times in August 2004, and in October 2004 and there after linking Eklund with other SMC employees who engaged in wrongdoing concerning "fixing" their own parking ticket fines.

34.1   The termination and punitive action against Eklund was in violation of public policy protecting disclosure and the public right to know, and was part of a broader set of wrongdoing by SMC including covering up information needed by the City and the public to manage city and SMC budgets and prevent violations of statutes; the acts complained of were undertaken for political reasons, simply to protect the SMC's political "turf" (budgets, positions and functions) from

THIRD AMENDED COMPLAINT
WRONGFUL DISCHARGE IN VIOLATION OF
PUBLIC POLICY, ETC - 9

CLEVELAND STOCKMEYER PLLC
8056 SUNNYSIDE AVE. N., SEATTLE, WA 98103
TEL (206) 419-4385

Margin annotations:
- Deleted: ¶
- Deleted: se
- Deleted: an
- Deleted: defamation of
- Deleted: SECOND
- Deleted: FOR BREACH OF CONTRACT, ¶
- Deleted: OF DISCLOSURE, DEFAMATION

accountability to the public, and were in no way part of any attempt to properly protect judicial independence or functions that should be confidential.

34.2    The termination and punitive action against Eklund violated public policy in favor of disclosure of revenue information and public policy that departments and high level employees of the City such as SMC and defendants here (a) should not lie, or misrepresent, or omit material facts regarding revenue information to the Department of Finance or the executive or legislative branches of the City; (b) should not misrepresent SMC's ability to provide requested information, (c) should not evade or fail to cooperate with DoF's information requests, (d) should not hire someone like Eklund to develop such information then terminate him because he supported disclosing such information to DoF; (e) should not misuse their public offices to protect their own jobs by providing misinformation or failing to provide information to DoF; (f) should not try to suppress information that would be publicly disclosable and/or (g) should not violate applicable ethics rules of the City, of SMC, and the bodies regulating judicial conduct, applicable to their performance of their offices and/or in their relations and communications with the executive and legislative branches, including ethical rules that require honesty, candor, disclosure, and good faith, and prohibit misuse of office, obtaining special benefits, and similar misconduct such as "fixing" or hiding revenue information to protect jobs or political turf.

35.    The foregoing acts and omissions were intentional, and not in good faith performance of official duties.

36.    The foregoing acts and omissions caused and proximately caused Eklund to suffer damages, including economic loss, loss of income, loss of benefits, emotional distress, general damages, and other losses and damages.

THIRD AMENDED COMPLAINT
WRONGFUL DISCHARGE IN VIOLATION OF
PUBLIC POLICY, ETC - 10

CLEVELAND STOCKMEYER PLLC
8056 SUNNYSIDE AVE. N., SEATTLE, WA 98103
TEL (206) 419-4385

Deleted: damage to reputation and character
Deleted: SECOND
Deleted: FOR BREACH OF CONTRACT, ¶
Deleted: OF DISCLOSURE, DEFAMATION

## LEGAL CLAIMS

### FIRST CAUSE OF ACTION - Wrongful Discharge in Violation of Public Policy

**37.** Plaintiff re-alleges and incorporates herein all paragraphs of this pleading as though fully set forth herein.

**38.** Eklund was employed by defendant the City of Seattle.

**39.** In 2003-2004 Eklund was directed to produce reports and/or information regarding performance and revenue data for a City department, the SMC.

**40.** During this time another department, DoF, requested revenue data from SMC including data that Eklund generated.

**41.** This information was to be used to generate revenue projections for the executive and legislative branches of the City and was material for allowing those branches to make public policy decisions including budget decisions, decisions as to whether to cut judgeships at SMC, decisions as to whether to take over the parking function at SMC, decisions as to whether to consolidate SMC functions, and decisions as to whether to maintain or limit judicial discretion at SMC.

**42.** After Eklund prepared these reports and/or information, the SMC and defendants directed Eklund to hide the data and reports from DoF, to not reveal the data and reports, to prevent creating a public record of the data and reports, to not let DoF poke around in such data, and to not disclose the data and reports or SMC's ability to provide same outside of the top level of SMC management. Defendants also directed Eklund to not reveal a nrew requirement of a 50% floor on cutting parking tickets.

**43.** Eklund protested these instructions starting in late 2003.

**44.** In about June 2004 Eklund provided some of the data to the Department of Finance.

THIRD AMENDED COMPLAINT
WRONGFUL DISCHARGE IN VIOLATION OF
PUBLIC POLICY, ETC - 11

CLEVELAND STOCKMEYER PLLC
8056 SUNNYSIDE AVE. N., SEATTLE, WA 98103
TEL (206) 419-4385

Deleted: SECOND
Deleted: FOR BREACH OF CONTRACT, ¶
Deleted: OF DISCLOSURE, DEFAMATION

45. Defendants caused Eklund to be terminated on or about July 29, 2004.

46. Starting in late 2003 defendants took other adverse job action against Eklund; and after the termination defendants took other punitive action against Eklund, ensuring that his personnel file would contain derogatory information and would be available to the media.

47. Such adverse job actions, termination and punitive actions were contrary to public policy of the State of Washington and/or City of Seattle in that this violated broader policies of public discourse, policy concerning disclosure of revenue information to revenue officials such as the Department of Finance, and the executive and legislative branches; policy against lying or misrepresenting revenue data to such persons, or the ability to generate such data; and policy requiring that City offices be carried out with honesty, candor, and good faith and not for any personal benefit or private purpose; as well as other policy referenced in paragraph 34.2 above.

48. Defendants seized on the fortuity that other SMC employees had engaged in inappropriate conduct regarding parking tickets to provide a sham reason for the termination, further violating public policy and misusing their offices, intending to link Eklund with such other employees, knowing that the resultant negative information in his personnel file would forever and falsely discredit him, punish him and provide a further cover for their improper discharge of him contrary to public policy.

49. Eklund is entitled to recover damages from defendants based on wrongful discharge contrary to public policy.

50. Because defendants acted intentionally, Eklund is entitled to recover damages for emotional distress from defendants based on wrongful discharge contrary to public policy.

51. Defendant the City and the individual defendants are severally and jointly liable to Eklund for

THIRD AMENDED COMPLAINT
WRONGFUL DISCHARGE IN VIOLATION OF
PUBLIC POLICY, ETC - 12

CLEVELAND STOCKMEYER PLLC
8056 SUNNYSIDE AVE. N., SEATTLE, WA 98103
TEL (206) 419-4385

Deleted: SECOND
Deleted: FOR BREACH OF CONTRACT, ¶
Deleted: OF DISCLOSURE, DEFAMATION

1  all such damages and loss based on wrongful discharge contrary to public policy because the
2  defendants coordinated their actions, acted in concert and/or acted with intent, or not in good faith
3  performance of official duty, or knowing they were violating Eklund's rights.
4  **SECOND CAUSE OF ACTION -- Lack of Proper Name Clearing Hearing, 42 U.S.C. § 1983**
5  52.   Plaintiff re-alleges and incorporates herein all allegations in this pleading as though fully set
6  forth herein.
7  53.   The individual defendants were acting under color of state law in connection with their
8  conduct and omissions outlined in this pleading.
9  54.   In Washington State, public agency decisions terminating public employment and the related
10 negative information placed in a personnel file are disclosable to the public.
11 55.   As a result, a public employee such as Eklund has a constitutionally protected liberty interest
12 in connection with termination of employment.
13 56.   As a result, a public employee such as Eklund who is threatened with termination has a right
14 to have a name hearing clearing a/k/a a "Loudermill" hearing.
15 57.   Here there was no proper name clearing hearing because among other reasons the relevant
16 decision maker, Judge Fred Bonner, did not hear or consider Eklund's response to the allegations
17 concerning parking tickets; the individual defendants as decision makers on Eklund's termination
18 similarly did not hear or consider Eklund's response; and also because Judge Fred Bonner and the
19 other defendants were personally implicated in Eklund's complaint of retaliation, making defendants
20 incapable of providing a proper name clearing hearing, due to conflict of interest.
21 58.   The right to a name clearing hearing in which the decision maker actually heard and
22 considered the employee's response and in which the decision maker did not have a conflict of

THIRD AMENDED COMPLAINT                                CLEVELAND STOCKMEYER PLLC
WRONGFUL DISCHARGE IN VIOLATION OF                     8056 SUNNYSIDE AVE. N., SEATTLE, WA 98103
PUBLIC POLICY, ETC - 13                                          TEL (206) 419-4385

1  interest was clearly established in July of 2004 in the State of Washington.

2  59.  Reasonable officials would have known at that time that (a) not hearing or not considering Eklund's complaint of retaliation, or (b) adjudging a complaint of retaliation directed at themselves, in violation of ethical guidelines and standards such as conflict of interest rules, violated the federal right to a name clearing hearing.

60.  Defendants also failed to give Eklund any hearing prior to the time Parcher revised the disciplinary findings and in effect re-confirmed the major findings and again placed additional negative information in Eklund's personnel file.

61.  Eklund was damaged by the violation of his right to a proper name clearing hearing.

62.  Eklund is entitled to recover damages from the individual defendants concerning the violation of his right to a proper name clearing hearing.

63.  Because defendants acted intentionally, Eklund is entitled to recover damages for emotional distress from defendants based on violation of his right to a name clearing hearing.

---

THIRD AMENDED COMPLAINT
WRONGFUL DISCHARGE IN VIOLATION OF
PUBLIC POLICY, ETC - 14

CLEVELAND STOCKMEYER PLLC
8056 SUNNYSIDE AVE. N., SEATTLE, WA 98103
TEL (206) 419-4385

**Deleted:** SECOND
**Deleted:** FOR BREACH OF CONTRACT, ¶
**Deleted:** OF DISCLOSURE, DEFAMATION

64. Defendants are severally and jointly liable to Eklund for all such damages and loss based on violation of the right to a proper name clearing hearing because the defendants coordinated their actions, acted in concert and/or acted with intent, or not in good faith performance of official duty, or knowing they were violating Eklund's rights.

65. Defendant the City is liable for the violation of a right to a proper name clearing hearing because the actions taken by the individual defendants were official actions of defendant the City and the individual defendants were part of the body that represented the City in connection with Eklund's termination.

66. Eklund is entitled to injunctive relief against defendant the City including an order removing the negative information from his personnel file.

**THIRD CAUSE OF ACTION— -- Whistleblower Retaliation**

67. Plaintiff re-alleges and incorporates herein all allegations in this pleading as though fully set forth herein.

68. Defendants were a local government and/or governmental officials.

69. Defendants retaliated against Eklund by implementing adverse job conditions, terminating him, and/or reprimanding him in writing.

70. Such retaliation was because Eklund provided information in good faith that improper governmental action occurred.

71. The improper governmental action here included but is not limited to violation of ethics rules applicable to the City employees and judicial officers, abuse of authority, misuse of office, and violation of state laws.

72. Eklund provided written notice of claims of retaliation to the Mayor and to the Seattle Ethics

THIRD AMENDED COMPLAINT
WRONGFUL DISCHARGE IN VIOLATION OF
PUBLIC POLICY, ETC - 15

CLEVELAND STOCKMEYER PLLC
8056 SUNNYSIDE AVE. N., SEATTLE, WA 98103
TEL (206) 419-4385

Deleted: SECOND
Deleted: FOR BREACH OF CONTRACT, ¶
Deleted: OF DISCLOSURE, DEFAMATION

and election Commission, as well as to SMC.

73.     Eklund is entitled to recovery and relief based on a whistleblower claim under RCW 42.41.040.

74.     Defendants are severally and jointly responsible or liable to Eklund for any damages or relief available under this claim because the defendants coordinated their actions, acted in concert and/or acted with intent, or not in good faith performance of official duty, or knowing they were violating Eklund's rights.

NOW, THEREFORE, plaintiff Bruce Eklund prays for the following relief:

1.     For a judgment in an amount for damages to be proven at the time of trial;

2.     For costs and attorney fees incurred herein.

3.     For injunctive relief requiring defendant the City of Seattle to remove from plaintiff's personnel file all negative information concerning the investigation into his handling of his parking tickets and his termination; and

4.     For any such other relief as is available as the Court may deem equitable and proper.

DATED this 12th Day of March, 2008.

CLEVELAND STOCKMEYER PLLC

By: /S/ Cleveland Stockmeyer
CLEVELAND STOCKMEYER, WSBA #21636
8056 Sunnyside Ave. N.,
Seattle, Washington 98103
(206) 419-4385
Fax (206) 525-4400
Attorneys for Plaintiff

s/ Duncan C. Turner
Duncan C. Turner

THIRD AMENDED COMPLAINT
WRONGFUL DISCHARGE IN VIOLATION OF
PUBLIC POLICY, ETC - 16

CLEVELAND STOCKMEYER PLLC
8056 SUNNYSIDE AVE. N., SEATTLE, WA 98103
TEL (206) 419-4385

---

Margin comments (Deleted):

- ¶ 37. Defendants the City and those employed by SMC are severally and jointly liable to Eklund for all such damages and loss, among other reasons, because the defendants employed by the SMC acted in concert and/or acted with intent, or not in good faith performance of official duty, or knowing they were violating Eklund's rights. ¶ 38. Eklund may recover based on several legal claims including breach of contract of employment; wrongful discharge; discharge in violation of public policy (policies in favor of public disclosure, agency accountability, whistle blowing, revealing violations of law, requiring compliance with state statutes, judicial independence and otherwise); whistleblower laws; violation of and conspiracy to violate the Washington State Public Disclosure Act (PDA) including but not limited to refusing to comply with requests for information made by City officials and in substance adopted by Eklund, and anticipatory violations of the PDA; negligence; defamation, including relating to statements made to the media and statements made to the public in Eklund's personnel file which defendants knew was subject to disclosure and could be and would be released to the public; invasion of privacy and false light; violation of state and/or federal constitutional rights to free speech, political participation and/or to public employment and/or requiring proper termination thereof including termination and publication of statements in a personnel file available to the public only with a proper and prior name clearing or "Loudermill" hearing. ¶
- Deleted: 15
- Deleted: February
- Deleted: 7
- Deleted: SECOND
- Deleted: FOR BREACH OF CONTRACT, ¶
- Deleted: OF DISCLOSURE, DEFAMATION

| | |
|---|---|
| 1 | Washington State Bar No. 20597 |
|   | BADGLEY~MULLINS LAW GROUP |
| 2 | 4750 Columbia Center |
|   | 701 Fifth Avenue |
| 3 | Seattle, Washington, 98104 |
|   | Telephone: (206) 621-6566 |
| 4 | Facsimile: (206) 621-9686 |
|   | Email: duncanturner@badgleymullins.com |
| 5 | |
|   | s/ Mark K. Davis |
| 6 | Mark K. Davis |
|   | Washington State Bar No. 38713 |
| 7 | BADGLEY~MULLINS LAW GROUP |
|   | 4750 Columbia Center |
| 8 | 701 Fifth Avenue |
|   | Seattle, Washington, 98104 |
| 9 | Telephone: (206) 621-6566 |
|   | Facsimile: (206) 621-9686 |
| 10 | Email: mdavis@badgleymullins.com |

THIRD AMENDED COMPLAINT
WRONGFUL DISCHARGE IN VIOLATION OF
PUBLIC POLICY, ETC - 17

CLEVELAND STOCKMEYER PLLC
8056 SUNNYSIDE AVE. N., SEATTLE, WA 98103
TEL (206) 419-4385

**Deleted:** SECOND

**Deleted:** FOR BREACH OF CONTRACT, ¶

**Deleted:** OF DISCLOSURE, DEFAMATION