The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRUCE EKLUND, an individual,<br><br>Plaintiff/Counter-Claim Defendant,<br><br>vs.<br><br>THE CITY OF SEATTLE, SEATTLE MUNICIPAL COURT, a municipal corporation;<br><br>Defendants/Counter-Claim Plaintiffs,<br><br>and<br><br>FRED BONNER and JANE DOE BONNER, and their marital community; GAYLE TAJIMA and JOHN DOE TAJIMA, and their marital community; YOLANDE WILLIAMS and JOHN DOE WILLIAMS, and their marital community; and MARK PARCHER and JANE DOE PARCHER, and their marital community,<br><br>Defendants. | Case No. 06-cv-01815-TSZ<br><br>**DECLARATION OF CLEVELAND STOCKMEYER IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER TO COMPEL, SANCTIONS, ETC.**<br><br>**NOTE FOR MOTION:**<br>**Friday May 2, 2008** |

I, Cleveland Stockmeyer hereby declare and state as follows:

    1.    I am co-counsel for the Plaintiff, and am over the age of eighteen and make this declaration based upon personal knowledge.

DECL. OF CLEVELAND STOCKMEYER IN SUPPORT OF PLAINTIFF'S MOT. FOR ORDER TO COMPEL, SANCTIONS ETC. - 1
No. 06-1815TSZ

**BADGLEY ~ MULLINS**
LAW GROUP
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

2. Plaintiff's discovery in this case included first requests for production of documents (RFPs) to defendant the City of Seattle prepared by mid-October 2007 while I was sick; the City responded on or about November 18, 2007.

3. A true and correct copy of the City's response to plaintiff's first RFPs is attached hereto as Exhibit A (City's Responses and Answers to Plaintiff's First RFPs). A substantial number of documents were produced in connection with this response. Armed with such documents in hand, I deposed Judge Bonner, Mr. Parcher, Ms. Tajima and Ms. Williams, from Dec. 8, 2007 through January 14, 2008 (the initial discovery cut off date).

4. The following are true and correct copies of pages of transcripts of such depositions, and/or signature pages, as stated below, and are attached hereto as the following Exhibits:

| | |
|---|---|
| Exhibit B | pages 4, 164-166 of Judge Bonner deposition on Dec. 10, 2007 |
| Exhibit C | affidavit page from Judge Bonner dated Jan. 22, 2007 |
| Exhibit D | page 4 of Mr. Parcher's deposition, Dec. 18, 2007 and page with reporter's certification) |
| Exhibit E | Mr. Parcher's signature and correction pages for the preceding deposition |
| Exhibit F | pages 170-172 of Judge Bonner's deposition, Jan. 8, 2008 |
| Exhibit G | page 4 of Ms. Tajima's deposition, Jan. 11, 2008 |
| Exhibit H | page 4 of Ms. Williams' deposition, Jan. 14, 2008 |

5. On January 8, 2008, defendants' counsel, Ms. Erin Overbey, stated on the record that no oath had been properly given at the first deposition of Judge Bonner (held Dec. 10, 2007), and that deposition was invalid. This claim seemed to be that there was no oath or that it was invalid because the court reporter had not transcribed it word for word. I do not believe I have

DECL. OF CLEVELAND STOCKMEYER IN
SUPPORT OF PLAINTIFF'S MOT. FOR
ORDER TO COMPEL, SANCTIONS ETC. - 2
No. 06-1815TSZ

BADGLEY ~ MULLINS
LAW GROUP
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

ever heard this argument made before. This claim of invalidity of Judge Bonner's deposition could also invalidate the deposition of defendant Mark Parcher on Dec. 18, 2007, because the oath was given and evidenced on the transcript there in the same way. This claim of invalidity of deposition(s) if sustained would force plaintiff to re-do those two, key, depositions; this would bring other discovery to a standstill, too, as plaintiff needs the first depositions to use as a foundation for other discovery.

6. At the first day of deposing Judge Bonner there was no protest that the oath had not been properly given.

7. After January 8, 2008, I had the court reporter change her practice and actually transcribe the words of the oath in the depositions on January 11, 2008 and January 14, 2008.

8. Attached hereto as Exhibit "I" is a true and correct copy of a letter from Ms. Erin Overbey (counsel for defendants) dated January 4, 2008, stating "Based on review of the materials and personal involvement as legal counsel during the course of these events, I do not know of any basis for deposing Mr. Ceis – at all." After the case schedule was extended defendants' counsel took the position there would be no deposition of Mr. Ceis at all. This position has been maintained. In a telephone conference on April 10, 2008, in which I reviewed evidence of Mr. Ceis' knowledge and unique position with defendants' counsel Amy Lowen, defendants' counsel still refused to agree to produce Mr. Ceis for deposition.

9. Attached hereto as Exhibit J is a true and complete print out of a Seattle Times article dated Seattle Times article, October 29, 2004, "Court cut parking and traffic fines deeply, wouldn't tell mayor."

10. Attached hereto as Exhibit K is a true and complete copy of excerpts from the deposition of Ms. Yolande Williams deposition on January 14, 2008, pages 227 through 240.

DECL. OF CLEVELAND STOCKMEYER IN
SUPPORT OF PLAINTIFF'S MOT. FOR
ORDER TO COMPEL, SANCTIONS ETC. - 3
No. 06-1815TSZ

**BADGLEY ~ MULLINS**
LAW GROUP
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

11. Attached hereto as Exhibit L is a true and correct copy of SMC 04872, a memorandum dated October 19, 2004 from Ms. Williams to Mr. Ceis dated October 19, 2004.

12. The foregoing document came when following a rule 26(i) conference regarding the City's failure to properly and fully produce documents in response to plaintiff's first RFPs, the City, in late January 2008, notified the undersigned there would be more documents produced and then on February 4 made them available for inspection when for the first time, the undersigned realized the extent of the newly produced documents.

13. The documents "produced" in this manner in late January apparently were not produced in November 2007. Some of them may be duplicates but there are a great many that were new.

14. The documents produced in late January and actually delivered in early February consisted of about two document boxes' worth, and thousands of pages. Only some of these documents were Bates stamped at the time of the document inspection. After the inspection on February 4th, the documents were copied and delivered and the copies bear the numbers SMC nos. 3984-7051 – in other words, some **3,067 pages of documents were produced at this time.** These belatedly produced documents are a stack more than a foot high. This production only came after the depositions of defendants noted above, after the motion to continue, and after the extension of the case schedule in early January, 2008. In all of the discussion or briefing concerning extending the case schedule, defendants' counsel never indicated that there were still more than three thousand pages of documents they were going to produce.

15. Documents from this belated production include the following.

16. One such document was Ms. Williams' memo of October 19, 2004 discussed above.

DECL. OF CLEVELAND STOCKMEYER IN
SUPPORT OF PLAINTIFF'S MOT. FOR
ORDER TO COMPEL, SANCTIONS ETC. - 4
No. 06-1815TSZ

**BADGLEY ~ MULLINS**
LAW GROUP
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

17. Other documents (not included as exhibits hereto) include: SMC 3984 concerns documents related to Mr. Parcher's investigation of Mr. Eklund or others, including notes, back up files, interview documents, court policies, and MCIS screens relating to the parking tickets in question. SMC 4247-4317 also concern investigatory material including handwritten notes from Mr. Parcher such as SMC 4300 and material related to a grievance proceeding brought by another employee terminated in connection with Mr. Eklund's termination. SMC 4318-4431 concern more material from Mr. Parcher's investigation files, including discussion and e mails from March 2004, communications with persons Mr. Parcher interviewed, and so on. SMC 4432-4467 concerns additional material from Mr. Parcher's investigation of Mr. Eklund, including material related to another employee who was not terminated but who was given a chance to pay up (SMC 4442). SMC 4468-4690 also relates to the investigation including SMC 4530 noting how tickets were "cleared for other employees, and material relating to Eklund's pre-termination hearing (4555-4666), Eklund Post termination (SMC 4667 et seq. SMC 4691 includes Mr. Parcher's notes about revisions to his findings about Mr. Eklund including certain drafts. SMC 4791 is the timeline for proposing termination. SMC 4799 is about Mr. Eklund's pre-termination hearing. SMC 47801 concerns handwritten notes about a target termination/resignation date of 7/21/04. SMC 4826 is a memo to the SMC executive committee about proposed discipline. SMC 4827 concerns material on or about August 20, 2004 (post-termination) in which Judge Bonner discusses how the SMC handles employee time pays. SMC 4898 concerns SMC communications to the Mayor and the Mayor's finance chief about SMC budget and cuts. SMC 4900 et seq. concerns Eklund's whistleblower investigation.

DECL. OF CLEVELAND STOCKMEYER IN
SUPPORT OF PLAINTIFF'S MOT. FOR
ORDER TO COMPEL, SANCTIONS ETC. - 5
No. 06-1815TSZ

BADGLEY ~ MULLINS
LAW GROUP
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

18. A true and correct copy of SMC 04519-04551, also included in this belated production, is not attached but is separately filed herewith under seal marked as Stockmeyer Supplemental Declaration Exhibit A. This is filed under seal because defendants have marked most pages of this file confidential. The confidential facts in this file (confidential from the point of view of defendants, that is) would be names of persons involved in this file (except for Mr. Eklund), so the plaintiff believes it is appropriate to discuss other facts shown in this file, anonymously, as is done in the memorandum filed herewith.

19. Attached hereto as Exhibit M is a true and correct copy of SMC 04551, concerning one of the policies cited by defendants when terminating Mr. Eklund.

20. Attached hereto as Exhibit N is a true and correct copy of SMC 04505-6, which appears to consist of *handwritten* notations (presumably made by Mr. Parcher) supporting Mr. Eklund's position the failure to pay rule only applies to "criminal or traffic" obligations and not [handwritten] "parking" tickets.

21. Attached hereto as Exhibit "O" is a true and correct copy of SMC 04501 which appears to be detailed handwritten notes about the exact citations for which Mr. Eklund was investigated, including what appear to be notes about exactly what allegedly improper actions were taken. This document is part of a file identified at SMC 04468 as relating to "Mack/Eklund."

24. All of the above documents would have been useful in deposing Judge Bonner, Mr. Parcher and Ms. Williams and it is my opinion that many of them would have been exhibits had they been available. The undersigned believes that the remedy of allowing an additional half

DECL. OF CLEVELAND STOCKMEYER IN SUPPORT OF PLAINTIFF'S MOT. FOR ORDER TO COMPEL, SANCTIONS ETC. - 6
No. 06-1815TSZ

BADGLEY ~ MULLINS
LAW GROUP
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686


day of deposition for these three deponents is a way to allow plaintiff to have the benefit of these belatedly produced documents which is necessary to allow a fair deposition of those deponents.

25. On or about January 1, 2008, I had a telephone conference with defendants' counsel pursuant to Rule 26(i) concerning their failure to properly and fully produce documents in response to plaintiff's first RFPs directed to defendant the City. This conference failed to resolve many outstanding issues including the following.

26. It appears defendant the City still has not produced all documents responsive to several RFPs, duly requested last year, including RFPs no. 1, 7, 8, 10, 22.

27. RFP 1 and 10. These cover internal DoF documents about magistrate pparking and infraction fine reductions, communications or documents kept by DoF or the Deputy Mayor concerning same or MR. Eklund's work, and so on. RFP No. 1 covered all documents that refer or relate to plaintiff's work product including (a) reports concerning SMC revenue or reductions in SMC revenue via parking ticket reductions, (b) any reports, studies or communications regarding SMC revenue issues, parking and traffic infraction fine reductions, or (d) all documents relating to plaintiff's work *created, sent, received and/or maintained by any department of the City including the mayor's office, the deputy mayor, the Council, the DoF*, regarding SMC parking or infraction revenue, SMC's ability to properly provide such data, or SMC finance or revenue. RFP no. 10 also requested all documents created by or communicated to the mayor's office, the deputy mayor, or DoF that refer or relate to SMC's revenue and financial data. Responsive documents appear to not have been produced, such as those communications or documents held by or sent to or from Mr. Ceis relating to SMC magistrate fine reductions, including documents mentioned in SMC 04782; internal DoF documents and e mails from Mr. Eklund to Barb Gangwer s noted in the Eklund declaration.

BADGLEY ~ MULLINS
LAW GROUP
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

28. RFP no. 8 and 8(b) concerns documents relating to SMC's treatment of members of the public and other SMC employees who had unpaid parking tickets in 2000-2007, information that is both public and easily loaded onto a CD from the SMC computer database.

29. Attached hereto as Exhibit P are excerpts from Judge Bonner's testimony stating that Mr. Eklund should not have been punished at all, if he received the treatment or benefits the general public can get.

30. RFP 7 and 22 cover material related to the investigation of Mr. Eklund.

31. The cause to believe the production has been incomplete and evasive includes the prior pattern of withholding documents, and other cause stated in Mr. Eklund's declaration.

I declare under the penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 11th day of April 2008

/s Cleveland Stockmeyer
Cleveland Stockmeyer

DECL. OF CLEVELAND STOCKMEYER IN SUPPORT OF PLAINTIFF'S MOT. FOR ORDER TO COMPEL, SANCTIONS ETC. - 8
No. 06-1815TSZ

BADGLEY ~ MULLINS
LAW GROUP
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

**CERTIFICATE OF SERVICE**

     I hereby certify that on April 11, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Amy Lowen
Seattle City Attorney's Office
PO Box 94769
Seattle, WA 98124-4769
E-mail: amy.lowen@seattle.gov
**Attorney for Defendant**

Erin L. Overbey
Seattle City Attorney's Office
PO Box 94769
Seattle, WA 98124-4769
E-mail: erin.overbey@seattle.gov
**Attorney for Defendant**

s/ Cleveland Stockmeyer
Cleveland Stockmeyer, WSBA #21636
Cleveland Stockmeyer
Washington State Bar No. 21636
CLEVELAND STOCKMEYER PLLC
8056 Sunnyside Ave. N.
Seattle, Washington, 98103
Telephone: (206) 419-4385

DECL. OF CLEVELAND STOCKMEYER IN SUPPORT OF PLAINTIFF'S MOT. FOR ORDER TO COMPEL, SANCTIONS ETC. - 9
No. 06-1815TSZ

BADGLEY ~ MULLINS
LAW GROUP
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686