UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRUCE EKLUND, an individual,

Plaintiff,

v.

THE CITY OF SEATTLE, et al.,

Defendants.

C06-1815Z

ORDER

This matter comes before the Court on Defendant Seattle Municipal Court's Motion for Summary Judgment, docket no. 125, individual Defendants' Fred Bonner, Gayle Tajima, Yolande Williams, and Mark Parcher's Motion for Summary Judgment, docket no. 137, and Plaintiff's Cross Motion for Partial Summary Judgment, docket no. 142. The Court heard oral argument on these motions on August 29, 2008, and GRANTED IN PART Defendants' Motion for Summary Judgment and dismissed Plaintiff's whistle-blower retaliation claim for the reasons stated on the record. The Court also ruled that Plaintiff's claim of a civil conspiracy would remain for trial as to all Defendants. The Court took the balance of the motions under advisement. The Court, being fully advised, now enters this Order.

(1) The Court now DENIES the remaining portion of Defendants' Motion for Summary Judgment, docket nos. 125 and 137. There are material issues of fact that preclude summary judgment. The Court STRIKES AS MOOT Plaintiff's Rule 56(f) motion.

ORDER 1–

(2) The Court GRANTS IN PART Plaintiff's cross motion for partial summary judgment, docket no. 142, and STRIKES AS MOOT the following affirmative defenses: (i) statute of limitations, (ii) failure to join all necessary parties, (iii) failure to file an administrative claim, and (iv) failure to take advantage of opportunities to avoid harm. The Plaintiff's motion is otherwise DENIED.

(3) The Court concludes that Defendants are not precluded from seeking relief under the Anti-SLAPP Law, RCW 4.24.510, in the event they prevail at trial. This statute applies to governmental entities. See Gontmakher v. City of Bellevue, 120 Wn.App. 365 (2004). Governmental individuals and the City of Seattle may seek relief under this statute. Plaintiff's contention that RCW 4.24.510 is inapplicable because it protects communication to governmental agencies, rather than within governmental agencies, is without merit.

(4) The parties are directed to meet and confer by September 26, 2008, concerning a possible trial date and other pretrial deadlines. The Court will hold a telephone status conference on Tuesday, September 30, 2008, at 1:30 p.m. to set a trial date and other pretrial deadlines.

IT IS SO ORDERED.

DATED this 12th day of September, 2008.

Thomas S. Zilly
United States District Judge

ORDER 2–