Hon. Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE EKLUND,<br><br>          Plaintiff,<br><br>vs.<br><br>CITY OF SEATTLE, SEATTLE MUNICIPAL COURT, ET AL.,<br><br>          Defendants. | No. C06-1815TSZ<br><br>DECLARATION OF JOHN H. CHUN IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS<br><br>Noted for: May 22, 2009 |

I, JOHN H. CHUN, declare under penalty of perjury under the laws of the State of Washington as follows:

1. I am a member of Summit Law Group, P.L.L.C., with a practice that focuses on employment litigation and commercial litigation. I am over the age of eighteen and have personal knowledge of the facts contained in this Declaration. I am competent to testify as to the facts provided below.

2. I graduated from Columbia College in 1991 and Cornell Law School in 1994. From 1994 to 1995, I served as a judicial law clerk for the Honorable Eugene A. Wright of the

CHUN DECLARATION (C06-1815TSZ) - 1

**Thomas A. Carr**
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

United States Court of Appeals for the Ninth Circuit. In 1995, I was admitted to the Washington State Bar, and I have been in private practice in Seattle since then. I have extensive experience in state and federal court proceedings, as well as arbitration, mediation, and administrative matters, representing businesses, public entities, and individuals. I have served as a Hearing Examiner Pro Tem, arbitrator, mediator, and an adjunct professor at Seattle University School of Law. Prior to joining Summit Law Group, I was a partner at two other Seattle law firms, Preston Gates & Ellis LLP (now K&L Gates) and Mundt MacGregor L.L.P.

3. In my capacity as lead attorney on numerous cases, I have had the opportunity to review a considerable number of bills prior to their being sent to clients, and I am well acquainted with attorney billing practices. Additionally, I have served as lead counsel in cases that have gone through trial and have resulted in costs and attorney's fees being requested and awarded (in whole and in part). As such, I am well aware of the process of seeking and obtaining attorney's fees through fee petitions.

4. <u>Costs.</u> I understand that, in the instant litigation, plaintiff was represented by both Badgley Mullins Law Group (BMLG) and Cleveland Stockmeyer, a solo practitioner working out of separate offices. Plaintiff apparently seeks to recover costs incurred as a result of the separate offices, such as parking when a BMLG attorney went to Mr. Stockmeyer's office (11/5/07, p. 140) and Federal Express charges when documents were sent between the two offices (7/4/08 and 7/11/08, p. 143). The bills also list dozens of courier costs; it is unclear from the billing entries whether these expenses were for communication between the plaintiff's counsel or not. In my experience, any such costs associated with counsel for one side being in two different offices in a single-plaintiff employment case are typically not passed along to

CHUN DECLARATION (C06-1815TSZ) - 2

Thomas A. Carr
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

clients; instead, such costs are considered to be part of a legal team's staffing decisions and generally not charged to the client.

5. For example, I recently worked on a single-plaintiff employment case (on behalf of the City of Seattle, Seattle Public Utilities) with a law partner of mine who works outside Seattle. Because we worked out of different offices, the firm and attorneys incurred associated costs, such as duplicating some materials for both offices, sending documents back and forth, and travelling between locations for events related to the case, such as depositions, interviews, and meetings. None of those costs were passed along to our client, as the firm and attorneys instead absorbed them as general overhead. In addition to keeping costs at a reasonable level for the type of case at issue, this practice further incentivizes counsel to seek efficiency in the incurrence of costs.

6. *Attorney's Fees.* My practice has been to strive to ensure that clients are not billed for duplicative work. This requires particular focus when a case is staffed with multiple attorneys and/or paralegals. I make efforts to ensure that clients are not billed for anything that does not offer value. For example, generally, I do not bill for time spent by attorneys or staff keeping each other updated, such as when a colleague is copied on a letter or an email to opposing counsel and reviews that communication. A team member's efforts to stay generally informed can be important, but does not necessarily always offer value to a matter.

7. Additionally, in such single-plaintiff employment matters, I typically do not "double staff" pretrial litigation events, such as depositions, oral argument, and witness interviews. Absent unusual circumstances, my view is that in such matters the value to the client is not doubled by having two attorneys present. In our engagement with the City of Seattle, referred to above, we were specifically precluded from double staffing events without

CHUN DECLARATION (C06-1815TSZ) - 3

Thomas A. Carr
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

client permission, indicating a need to provide an explanation of the circumstances that would provide the requisite client value of such staffing.

8. I understand that plaintiff utilized four attorneys (all with substantial billings) and several paralegals on the case. For a single-plaintiff employment case, that strikes me as unusual. Even through trial, my experience is most single-plaintiff cases involve between one and two attorneys representing each party. One difficulty in utilizing such a large legal team is the inefficiencies inherent in multi-staffing. It appears from reviewing plaintiff's bills that plaintiff's team billed for significant amounts of time spent reading one another's work and communications. Unless it can be shown that this work added value, such billing would appear to be duplicative and not reasonably passed along to the client. Likewise, plaintiff's billing for three attorneys to attend mediation and oral argument, as well as three attorneys plus a paralegal to attend a nine-day trial, is in my experience, an unusually high amount of billing for this type of case.

9. As a partner at Preston Gates and Mundt MacGregor, I sometimes sought assistance from junior level associates on cases. Some inefficiency is inherent in the work of most inexperienced attorneys, who may not be familiar with either procedural or substantive areas of the law. To some degree, that can be incorporated into the billing rates of more junior attorneys. However, I believe that a billing partner should seek to ensure that a client does not get charged for an associate's training, mentoring, or learning on-the-job when it does not have value to the client. As such, it is typical to write-off time spent training associates and not to pass along such costs to the client when there is no value added. Such time is assumed by a law firm as a business cost. Hours that would get written off to training might range from such

CHUN DECLARATION (C06-1815TSZ) - 4

Thomas A. Carr
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

things as excess time it takes to complete tasks to time spent attending oral argument or mediation.

10. I understand that plaintiff seeks to recover fees for all the time a junior associate spent at the trial, even though there were two other lawyers on the plaintiff's trial team. I am told that this associate apparently took no active role at trial other than examining two minor witnesses (perhaps taking up to 40 minutes of trial time). It does not appear that all such fees could be reasonably charged to a client.

DATED this 18th day of May, 2009, at Seattle, Washington

*/s/ John H. Chun*
JOHN H. CHUN

CHUN DECLARATION (C06-1815TSZ) - 5

Thomas A. Carr
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200