# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

BRUCE EKLUND, an individual,

Plaintiff,

v.

THE CITY OF SEATTLE, et al.,

Defendants.

C06-1815Z

ORDER

THIS MATTER comes before the Court on Defendants Mark Parcher, Gayle Tajima, and Yolande Williams' Motion for Statutory Penalties and Attorney Fees under Washington's Anti-SLAPP Statute, RCW 4.24.510, docket no. 315. Having considered the pleadings and declarations filed in support of and in opposition to the motion, the Court GRANTS Defendants' Motion, docket no. 315, for the reasons outlined in this Order.

Washington's Anti-SLAPP statute provides, in pertinent part:

> A person who communicates a complaint or information to any branch or agency of federal, state, or local government . . . is immune from civil liability based upon the communication to the agency or organization regarding any matter reasonably of concern to that agency or organization. A person prevailing upon the defense provided for in this section is entitled to recover expenses and reasonable attorneys' fees incurred in establishing the defense and in addition shall receive statutory damages of ten thousand dollars. Statutory damages may be denied if the court finds that the complaint or information was communicated in bad faith.

RCW 4.24.510.

ORDER 1–

Defendants Parcher, Tajima and Williams moved prior to trial for dismissal of Eklund's wrongful termination claim and for statutory penalties and attorneys' fees based on Washington's Anti-SLAPP statute. Defs.' Mot. Sum. J., docket no. 137, at 7-10. They argued that Eklund's wrongful termination claim against them was based on their involvement in the investigation and reporting of the ticket-fixing scheme that ultimately led to Eklund's termination. Specifically, Parcher prepared a written summary of the findings of the ticket-fixing investigation and recommended discipline for five Seattle Municipal Court ("SMC") employees, including Eklund; Parcher, Tajima and Williams, as members of the Executive Leadership Team ("ELT"), reviewed and discussed the findings, and then concluded that Eklund be terminated; and Williams then forwarded the joint recommendation to Judge Bonner. On September 12, 2008, the Court entered an Order concluding that:

> . . . Defendants are not precluded from seeking relief under the Anti-SLAPP Law, RCW 4.24.510, in the event they prevail at trial. This statute applies to governmental entities. See Gontmakher v. City of Bellevue, 120 Wn. App. 365 (2004). Governmental individuals and the City of Seattle may seek relief under this statute. Plaintiff's contention that RCW 4.24.510 is inapplicable because it protects communication to governmental agencies, rather than within governmental agencies, is without merit.

Order, docket no. 179, at 2. Eklund has thus been on notice since September 2008 that he would be at risk for attorneys' fees and statutory damages under Washington's Anti-SLAPP statute in the event Parcher, Tajima and Williams prevailed at trial on Eklund's wrongful termination claim.

On March 19, 2006, at the close of the trial, the Court dismissed Defendants Parcher, Tajima and Williams on Eklund's first claim for wrongful termination in violation of public policy as a matter of law. Minutes, docket no. 296.[1] As a result of their prevailing party

---

[1] On March 23, 2009, the jury returned a verdict in favor of Defendants Parcher, Tajima and Williams as to Eklund's 42 U.S.C. § 1983 claim for violation of Eklund's procedural due process rights. Jury Verdict, docket no. 301. Defendants Parcher, Tajima and Williams did not argue in their summary judgment motion, and they do not now argue in their fees motion, that the Anti-SLAPP statute immunizes them from liability for Eklund's 42 U.S.C. § 1983 claim. Defs.' Mot. Sum. J., at 8 n.5.

ORDER 2–

status with regard to Eklund's wrongful termination claim, Parcher, Tajima and Williams now move for attorneys' fees and statutory damages under Washington's Anti-SLAPP statute.

Eklund argues that Washington's Anti-SLAPP statute should not apply to intra-agency communications. The Court already ruled that governmental individuals and entities may seek relief under the statute and that the statute applies to protect communications <u>within</u> as well as <u>to</u> governmental agencies. Washington courts have expressly rejected a limited definition of the word "person" under RCW 4.24.510 that would have only applied the Anti-SLAPP statute to protect "citizens" or "non-governmental entities." See <u>Gontmakher</u>, 120 Wn. App. at 371, 374 (declining to follow dicta to the contrary in <u>Skimming v. Boxer</u>, 119 Wn. App. 748 (2004)). In <u>Gontmakher</u>, a Bellevue city employee reported clear-cutting on private land to the State Department of Natural Resources ("DNR"), and the private landowners sued the City of Bellevue based on the employee's communication with the DNR. The <u>Gontmakher</u> court stated that "there is a strong public policy rationale for including governmental entities in the definition of 'person,'" concluding that "reports by governmental agencies are common and important to proper agency functioning." <u>Id.</u> at 372; <u>see also</u> RCW 4.24.500 (statutory purpose to encourage information gathering that will lead to "the efficient operation of government").

This information-gathering rationale applies with equal force to situations where a government actor is reporting to his or her own agency, especially because public employees are often in the best position to report on matters of reasonable concern to their own agencies. Eklund argues that applying the statute to intra-agency communications discourages public participation. As pointed out by Defendants, Eklund was free to sue the City for wrongful termination, and Judge Bonner as the actual decision-maker; however, when Eklund targeted the people who reported the ticket-fixing, he strayed into territory protected by the Anti-SLAPP statute. Defendants Parcher, Tajima and Williams have

ORDER 3–

submitted declarations in connection with their reply brief explaining how it was discouraging to them as public employees to be sued for reporting misconduct. Parcher Decl., docket no. 359, ¶¶ 2-3; Tajima Decl., docket no. 360, ¶ 2; Williams Decl., docket no. 361, ¶ 2. Applying the Anti-SLAPP statute to these public sector employees upholds the purpose of the statute to encourage communications within public agencies on matters of reasonable concern to them, and will not discourage wrongful termination claims against employers.

Eklund argues that his wrongful termination claim was not based on the intra-agency communications of Parcher, Tajima and Williams regarding Eklund's ticket-fixing. The Court disagrees. The involvement of these defendants in Eklund's termination was the supplying of information and communicating about Eklund's involvement in ticket-fixing to various persons within the SMC. See, e.g., Trial Ex. A-71 (Parcher's June 10, 2004 memo to Williams); Trial Ex. A-100 (Parcher's draft of ELT's disciplinary recommendation as to Eklund); Trial Exs. A-102 and A-119 (Williams' memos of June 16, 2004 and June 22, 2004); see also Tajima Decl., docket no. 139, ¶ 15 (discussing her involvement on ELT).

Eklund argues that the statute should not apply to Defendants Parcher, Tajima and Williams because they have not personally incurred any attorneys' fees. This is another rendition of Eklund's argument that the Anti-SLAPP statute should not apply to government officials and intra-agency communications, which the Court rejects. The City of Seattle has had to unnecessarily expend legal resources as a result of Eklund's wrongful termination claim against Parcher, Tajima and Williams. Clearly, the City of Seattle will be reimbursed for any attorneys' fees awarded under the Anti-SLAPP statute to Parcher, Williams and Tajima, and these individual defendants will not receive a personal windfall.

Defendants Parcher, Tajima and Williams move for $55,323.75 in attorneys' fees, representing $28,525.00 charged by Assistant City Attorney Erin Overbey (81.5 hours multiplied by the hourly rate of $350 per hour) and $26,798.75 charged by Assistant City

ORDER 4–

Attorney Amy Lowen (97.45 hours multiplied by the hourly rate of $275 per hour). Overbey Decl., docket no. 316, ¶ 3; Lowen Decl., docket no. 317, ¶ 3. The rates are based on prevailing local rates for attorneys with similar experience. Overbey Decl. ¶ 2; Lowen Decl. ¶ 2. These are reasonable and legitimate rates. United States v. Big D Enters., Inc., 184 F.3d 924, 936 (8th Cir. 1999) (rates in local legal community serve as benchmark for rates for government's attorney); United States v. City of Jackson, 359 F.3d 727, 733 (5th Cir. 2004) (upholding payment for public sector attorneys at market rates). The attorneys' fee requests represent just over ten percent of the fees incurred by the defense in this case. Defendants have not claimed fees for time spent in defending Judge Bonner or the City of Seattle, for time spent on discovery and research relating to all Defendants, or for time spent by Assistant City Attorney Katrina Kelly. Overbey Decl. ¶ 3; Lowen Decl. ¶ 3. The request for $55,323.75 in attorneys' fees is reasonable.

In addition to attorneys' fees, Defendants Parcher, Tajima and Williams move for $10,000 each in statutory damages, which are mandatory under the Anti-SLAPP statute (". . . A person prevailing upon the defense . . . *shall* receive statutory damages of ten thousand dollars. . . .") unless "the complaint or information was communicated in bad faith." RCW 4.24.510. Eklund fails to address Defendants' request for statutory damages and makes no argument that the communications were made in bad faith. The Court finds that the communications were made in good faith. Accordingly, the Court awards $10,000 each in statutory damages to Parcher, Tajima and Williams.

In conclusion, Defendants Parcher, Tajima and Williams are entitled to attorneys' fees and statutory damages under the Anti-SLAPP statute for having to defend against the wrongful termination claim, which Eklund alleged against them as a result of their communications to the SMC regarding Eklund's ticket-fixing. The Court GRANTS Defendants Mark Parcher, Gayle Tajima, and Yolande Williams' Motion for Statutory Penalties and Attorney Fees under Washington's Anti-SLAPP Statute, RCW 4.24.510,

ORDER  5–

1 docket no. 315, and awards Defendants Parcher, Tajima and Williams attorneys' fees in the
2 amount of $55,323.75 and statutory damages in the amount of $10,000 per person, for a total
3 award of $85,323.75.

4     IT IS SO ORDERED.

5     DATED this 30th day of June, 2009.

                                                        /s/ Thomas S. Zilly
                                                        Thomas S. Zilly
                                                        United States District Judge

ORDER  6–