UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRUCE EKLUND, an individual,

Plaintiff,

v.

THE CITY OF SEATTLE, et al.,

Defendants.

C06-1815Z

ORDER

THIS MATTER comes before the Court on Defendant Bonner's Post-Trial Motion for Judgment as a Matter of Law, docket no. 312 (Praecipe, docket no. 340-2). Having considered the pleadings and declarations filed in support of and in opposition to the motion, the Court GRANTS IN PART and DENIES IN PART Defendant Bonner's Post-Trial Motion for Judgment as a Matter of Law, docket no. 312.

**A.   Fed. R. Civ. P. 50(a) and (b)**

Fed. R. Civ. P. 50(a)(1) permits a court to resolve an issue against a party and enter judgment as a matter of law ("JMOL") against the party before the issue is submitted to the jury where "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(2) requires the movant for JMOL to "specify the judgment sought and the law and facts that entitle the movant to the judgment." When

ORDER 1–

considering a Fed. R. Civ. P. 50(a) motion, the Court applies a summary judgment standard, inquiring "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986). Fed. R. Civ. P. 50(b) provides that "[i]f the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." In ruling on a renewed motion for JMOL filed after entry of judgment, "the court may: (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law." Fed. R. Civ. P. 50(b).

### B. Defendants' JMOL Motions

At the close of evidence on March 18, 2009, Defendants made an oral motion for JMOL, seeking to dismiss Plaintiff Bruce Eklund's 42 U.S.C. § 1983 ("Section 1983") procedural due process claim against the individual defendants (including Defendant Judge Fred Bonner) based, in part, on the affirmative defense of qualified immunity. Olsen Decl., docket no. 313 (Praecipe, docket no. 330-3), Ex. A (Verbatim Report of Proceedings "VRP") at 1456-58. The Court denied the motion. Id., Ex. A (VRP) at 1458. The jury subsequently rendered a verdict for all defendants, except Bonner, on Eklund's procedural due process claim. Jury Verdict, docket no. 301, at 2. The jury awarded Eklund $210,000 in economic damages, $100,000 in non-economic damages, and $150,000 in punitive damages against Bonner. Id. at 3. The Court entered a Judgment in accordance with the jury verdict. Judgment, docket no. 308.

Bonner now moves pursuant to Fed. R. Civ. P. 50(b) for JMOL or, in the alternative, a new trial, on Eklund's procedural due process claim, arguing that Bonner has qualified immunity, that there was insufficient evidence of a lack of due process presented at trial, and that the damage awards are unsupported by the law and evidence of the case. Defendants'

ORDER 2–

Fed. R. Civ. P. 50(a) motion at trial preserved Bonner's right to now bring a renewed motion for JMOL on Eklund's procedural due process claim. See Reeves v. Teuscher, 881 F.2d 1495, 1498 (9th Cir. 1989) ("Fed. R. Civ. P. 50(b) may be satisfied by an ambiguous or inartfully made motion for a directed verdict . . .").

### C. Substantial Evidence Standard

The Court reviews Bonner's challenges to the sufficiency of the evidence supporting the jury verdict under a "substantial evidence" standard, which requires the Court to determine "whether the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to that of the jury." Bains LLC v. Arco Products Co., 405 F.3d 764, 774 (9th Cir. 2005) (internal quotations and citations omitted) (reviewing evidence supporting punitive damages). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Fisher v. City of San Jose, 558 F.3d 1069, 1074 (9th Cir. 2009) (internal quotations and citations omitted). "In making this determination, [a court] must take care not to substitute [its] view of the evidence for that of the jury." Id.

### D. Qualified Immunity

Bonner argues that he is entitled to qualified immunity because a reasonable person in Bonner's position would not have known that he should have recused himself on the basis of Eklund's threat to publicize his theories of wrongdoing by Magistrate Judges of the Seattle Municipal Court ("SMC"). The Court must determine whether Eklund has shown that Bonner violated a clearly established constitutional right of which a reasonable person would have known. See Pearson v. Callahan, 555 U.S. ----, 129 S. Ct. 808, 815-16 (2009) (allowing

a flexible approach to the two-prong test set forth in Saucier v. Katz, 533 U.S. 194 (2001)[1]; Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

Bonner first argues that he afforded Eklund with the requisite due process – i.e., he provided notice of the charges against Eklund; he explained the employer's evidence against Eklund; and he provided Eklund an opportunity to respond in person. See Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist., 149 F.3d 971, 986 (9th Cir. 1998). Although Eklund does not dispute these facts, Eklund's pre-termination hearing violated Eklund's procedural due process rights not because of Bonner's conduct at the hearing per se but because of Bonner's refusal to recuse himself from presiding over Eklund's pre-termination hearing. Eklund argued to the jury that Bonner, as Presiding Judge of the SMC, was biased as a result of Eklund's accusations of illegal behavior by the SMC Magistrate Judges. The jury verdict against Bonner on Eklund's procedural due process claim shows that the jury found Bonner to be biased.

Bonner argues that he upheld, rather than violated, Eklund's due process rights by giving Eklund an opportunity to clear his name before Bonner, who was the ultimate decision-maker regarding Eklund's termination. A meaningful opportunity to be heard typically encompasses the right to confront one's decision-maker. And "[f]airness and accuracy are not always threatened simply because the hearing examiner is the supervisor of an employee." Arnett v. Kennedy, 416 U.S. 134, 199 (1974). In the present case, however, where Eklund requested an impartial decision-maker and asserted in writing that Bonner could not be impartial at the pre-termination hearing, see Trial Exhibit 74 (July 12, 2004

---

[1] Under Saucier v. Katz, "the first inquiry is whether '[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the [official's] conduct violated a constitutional right?' If the answer to the first inquiry is yes, the second inquiry is whether the right was clearly established: in other words, 'whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" Millender v. County of Los Angeles, 564 F.3d 1143, 1148 (9th Cir. 2009) (quoting Saucier, 533 U.S. at 201-02).

ORDER 4–

Memorandum), it was clear that a meaningful opportunity to be heard from Eklund's point of view would require another impartial hearing officer.

The constitutional due process right to an unbiased hearing is clearly established. See Withrow v. Larkin, 421 U.S. 35, 47 (1975) ("a biased decisionmaker [is] constitutionally unacceptable"); Arnett, 416 U.S. at 197-99 ("the right to an impartial decision-maker is required by due process"). It is also clearly established that a decision-maker's bias can result from the actions of the person before him. In Withrow, the U.S. Supreme Court stated that "the probability of actual bias on the part of the . . . decisionmaker is too high to be constitutionally tolerable" where, for example, "the adjudicator . . . has been the target of . . . criticism from the party before him." Withrow, 421 U.S. at 47. In Arnett, the hearing official was the object of slander that was the basis for the employee's proposed discharge, and thus the hearing official's own reputation was at stake in the pre-termination hearing. Arnett, 416 U.S. at 199.[2] Bonner should have known that Eklund's accusations created a conflict of interest such that Bonner should have recused himself from presiding over Eklund's pre-termination hearing. Eklund expressly requested another impartial decision-maker; Bonner viewed Eklund's request and accusation as a "thinly veiled threat." Bonner violated Eklund's clearly established constitutional right to have an unbiased decision-maker preside over his pre-termination hearing. The Court denies Bonner's motion for JMOL on qualified immunity grounds.

### E. Evidence of Bias

Bonner argues that Eklund presented insufficient evidence of a constitutional violation because Bonner provided Eklund with due process when he presided over Eklund's hearing

---

[2] The Court has reviewed Bonner's Supplemental Authority, docket no. 377, and Eklund's Reply thereto, docket no. 378. In Tibbetts v. Kulongoski, No. 07-36067, 2009 WL 1492156 at *10 (9th Cir. May 29, 2009), the Ninth Circuit acknowledged that "cases need not be 'fundamentally similar' in order to put an official on notice that his conduct violates established law," citing Hope v. Pelzer, 536 U.S. 730, 741 (2002). The Ninth Circuit noted that "the parameters of the right" need to be "clearly established by case law." Tibbetts at *10. Tibbetts does not undermine the case law cited by Eklund.

ORDER 5–

and included Eklund's version of the facts in all the later documentation regarding termination. Again, this misses the point. The constitutional deficiency was not Bonner's conduct at the hearing, per se, but rather his bias. Although there was no evidence that Bonner had any personal animosity toward Eklund, there was sufficient evidence for the jury to find that Bonner was biased against Eklund as a result of Eklund's accusations against the SMC. See, e.g., Stockmeyer Decl., docket no. 353, Ex. A (VRP) at 132-136, 189, 601-603, 661, 676, 683, 819-820, 860-861; Trial Exs. 74, 84, 96, 98, 99. It is not the Court's role to substitute its view of the evidence for the jury's view. The Court denies Bonner's motion for JMOL on the grounds that there was insufficient evidence of bias at trial.

### F. Damages Awards

Bonner moves to vacate the Court's Judgment awarding economic, non-economic, and punitive damages on Eklund's Section 1983 procedural due process claim. A prevailing plaintiff on a Section 1983 claim for a violation of procedural due process is entitled to "nominal damages without proof of actual injury." Carey v. Piphus, 435 U.S. 247, 266 (1978). "Substantial damages should be awarded only to compensate actual injury, or, in the case of exemplary or punitive damages, to deter or punish malicious deprivations of rights." Id. "[I]t is not reasonable to assume that every departure from procedural due process, no matter what the circumstances or how minor, inherently is . . . likely to cause distress." Id. at 263. In allowing a procedural due process claim to go forward in the absence of any proof of damages, the Ninth Circuit has stated: "A procedural due process claim, unlike negligence and takings claims, is not rooted in the notions of adequate compensation and economic restitution but is based on something more – an expectation that the system is fair and has provided an adequate forum for the aggrieved to air his grievance." Weinberg v. Whatcom County, 241 F.3d 746, 752 (9th Cir. 2001). Accordingly, the Court requires "proof of actual injury" to support Eklund's damages awards.

### 1. **Economic Damages**

Jury Instruction No. 16 provided that it was plaintiff's burden to prove "[t]he amount of damages caused by the failure to provide adequate due process." Jury Instruction No. 17 instructed the jury that it may award economic damages on Eklund's procedural due process claim for "[t]he reasonable value of lost past earnings and fringe benefits, from the date of the termination to the present date" and "the reasonable value of lost future earnings and fringe benefits." Courts presume that juries follow the jury instructions. Richardson v. Marsh, 481 U.S. 200, 211 (1987).

Bonner presents two arguments challenging the award of $210,000 in economic damages on Eklund's procedural due process claim. First, Bonner argues that Eklund is not entitled to economic damages because Eklund's economic damages flow from his termination, pursuant to Jury Instruction No. 17, and his termination was justified. Bonner's argument is premised on the assumption that the jury verdict in favor of Bonner and the City of Seattle on Eklund's wrongful termination claim demonstrates that Eklund's termination was justified.

In support of his argument that Eklund should receive no economic damages, Bonner relies on a Ninth Circuit procedural due process case involving a male high school teacher who was terminated at the midpoint of his one-year contract without a pre-termination hearing. Vanelli v. Reynolds Sch. Dist. No. 7, 667 F.2d 773, 775 (9th Cir. 1982).[3] The teacher in Vanelli was dismissed based on charges of offensive conduct towards female students. Id. at 776. The Ninth Circuit held that, under the circumstances of the case, a pre-termination hearing was constitutionally required. Id. at 778-79. Although the teacher did

---

[3] Carey v. Piphus, the leading U.S. Supreme Court case on damages for procedural due process violations, only discusses mental and emotional distress damages as compensable under Section 1983, and does not discuss economic damages. 435 U.S. at 257-64. This may stem from the fact that the case involves the deprivation of procedural due process in connection with the suspensions of two students from public elementary and secondary schools, not the termination of an employee from gainful employment. See id. at 248.

ORDER 7–

not receive a pre-termination hearing, the teacher received a post-termination hearing that met the standards of fairness required by the due process clause. Id. at 780. As a result, the Ninth Circuit upheld "the validity of the subsequent dismissal action." Id. at 780. The Ninth Circuit remanded the case to the District Court for a redetermination of compensatory damages and ordered the District Court to "subtract the $1,700 awarded appellant for lost employment benefits, because, although the procedures were deficient, the termination itself was justified." Id. at 781.[4] Similarly, in a subsequent case, the Ninth Circuit held that a finding that an employee would have been fired regardless of the denial of procedural due process "precludes an award of damages for deprivation of the employment itself." Merritt v. Mackey, 932 F.2d 1317, 1323 (9th Cir. 1991); see also Patterson v. City of Utica, 370 F.3d 322, 338 (2d Cir. 2004) (holding that no lost wages should be awarded if the plaintiff would have been terminated regardless of whether or not he received a name-clearing hearing).

Under Vanelli, Merritt, and Patterson, no economic damages are available to a prevailing plaintiff on a Section 1983 procedural due process claim where the termination was justified. The pro-defense verdict on Eklund's wrongful termination claim shows that Eklund's termination was justified. There was substantial evidence that Eklund allowed his parking tickets to be fixed and that Eklund made his accusations against the SMC only after he was notified of his possible termination for ticket-fixing. Eklund has failed to demonstrate under any theory that his termination was not justified. Accordingly, the Court grants Bonner's motion for JMOL as to economic damages because economic damages flowing from the termination are unavailable to Eklund, whose termination was justified.

In the alternative, Bonner moves to vacate the economic damages award based on a complete lack of proof of causation, i.e., that Bonner's bias caused any economic damages.

---

[4] "Lost employment benefits" included "lost wages and benefits." Vanelli v. Reynolds Sch. Dist., No. 76-1008LE, slip op. at 2 (D. Or. Jan. 6, 1983) (on remand).

ORDER 8–

Eklund's brief in opposition to Bonner's motion addresses this issue in one sentence: "Eklund testifed that <u>his job loss and being branded as a ticket fixer caused substantial economic loss</u>, emotional distress, and reputation harm; people he valued shunned him." Pl.'s Opp'n, docket no. 352, at 16 (citing Stockmeyer Decl., Ex. A (VRP) at 340-59, 365-96)(emphasis added). The transcript relied upon by Eklund contains Eklund's testimony about his employment history prior to and after his employment at the SMC, and his methodology for calculating his economic loss, but it does not contain any testimony that the denial of due process, i.e., Bonner's bias, caused any economic loss. Moreover, Eklund has cited no evidence of anyone who refused to hire him because of his "being branded as a ticket fixer." Accordingly, the Court grants Bonner's motion for JMOL to vacate the economic damages award on this alternative basis.

**2.    Non-Economic (i.e., Mental and Emotional Distress) Damages**

Bonner argues that the record contains insufficient evidence of non-economic (i.e., mental and emotional distress) damages caused by the denial of due process. The Court defers to the jury on this issue because there was substantial evidence presented at trial that Eklund suffered mental and emotional distress as a result of the lack of a pre-termination name-clearing hearing before an unbiased decision-maker. The Court denies Bonner's motion for JMOL as to the award of non-economic damages.

**3.    Punitive Damages**

Bonner moves to vacate the award of punitive damages on several grounds. Bonner argues that Eklund's claim for punitive damages should not have been presented to the jury because Eklund failed to properly plead for such relief. Bonner also argues that the Court should vacate the punitive damages award because the award was not supported by the evidence.

ORDER   9–

(a) <u>Pleading Punitive Damages</u>

It is undisputed that Eklund failed to expressly seek relief for punitive damages in any of his successive complaints. See Compl., docket no. 1; First Am. Compl., docket no. 6; Second Am. Compl., docket no. 11; <u>see</u> also Proposed Third Am. Compl., docket no. 85.[5] Bonner argues that the failure to request punitive damages in a prayer for relief is a factor in refusing to award such damages. See <u>Hammond v. County of Madera</u>, 859 F.2d 797, 803 n.2 (9th Cir. 1988). In <u>Hammond</u>, the Ninth Circuit declined to direct the District Court to award punitive damages for a Section 1983 claim on remand because, in part, the plaintiffs had "failed to request punitive damages in the prayer for relief of their amended complaint and the issue was not addressed in the Pre-trial Order." <u>Id.</u>[6] However, "[n]o specific prayer for . . . punitive damages is needed." <u>Cancellier v. Federated Dep't Stores, Inc.</u>, 672 F.2d 1312, 1319 (9th Cir. 1982). Bonner drops his "failure to plead" argument in his reply brief. Reply, docket no. 363, at 10 ("Even overlooking the flaws in his pleading . . . ").

Here, there was no lack of adequate notice of punitive damages. Eklund alleged "knowing violations" and "wrongful motives," and when he moved to amend his complaint to allege "malice," the Court denied the motion because the proposed amendments were redundant of prior allegations. Furthermore, in May 2008, Eklund explicitly provided notice that he would be seeking punitive damages. Stockmeyer Decl., Ex. B (Pl.'s First Suppl. Initial Disclosures) at 4 ("Mr. Eklund also claims . . . punitive damages under 42 U.S.C. § 1983" in the hundreds of thousands of dollars). Eklund again provided notice of punitive damages in January 2009. <u>Id.</u>, Ex. C (Pl.'s Second Suppl. Initial Disclosures) at 4 ("This

---

[5] In each complaint, Eklund plead "[f]or such other relief as the Court may deem equitable and proper," which arguably could cover punitive damages available under Section 1983. Compl. at 7; First Am. Compl. at 9; Second Am. Compl. at 9.

[6] The <u>Hammond</u> Court also denied punitive damages because punitive damages were not available against the county as a governmental entity, and the appellants failed to sue any officials whose conduct could give rise to a claim for punitive damages. 859 F.2d at 803 n.2.

ORDER 10–

[computation of economic loss] is exclusive of . . . punitive damages . . . "). The Court denies Bonner's motion to vacate the punitive damages award based on Eklund's failure to plead for such damages.

(b) <u>Substantial Evidence Argument</u>

Bonner next argues that Eklund's punitive damages award should be overturned because Eklund failed to meet a heightened punitive damages standard. <u>See</u> <u>Ngo v. Reno Hilton Resort Corp.</u>, 140 F.3d 1299, 1303-04 n.6 (9th Cir. 1998). Bonner does not contend that Instruction No. 18 did not direct the jury to meet a "heightened" punitive damages standard. <u>See</u> Instruction No. 18 (directing an award of punitive damages if "defendant's conduct that harmed plaintiff was malicious, oppressive, or in reckless disregard of the plaintiff's rights"). Rather, Bonner argues that there was insufficient evidence presented at trial for a jury to find that Bonner's failure to recuse was "malicious, oppressive, or in reckless disregard of plaintiff's rights."

In support of the punitive damages award, Eklund relies heavily on Bonner's testimony that Bonner fired Eklund on a "hunch:"

Q: Did you hear Mr. Eklund's testimony that he was unaware that Mr. Mack was extending his due dates?

A: I heard it, but I could not believe he said that.

Q: Do you have any reason to believe that he did know?

A: Yes. I have reason to believe he did know.

Q: Did someone testify to that?

A: No.

Q: Have you seen a document that says that?

A: No.

Q: An original document?

A: No.

ORDER 11–

| | | | |
|---|---|---|---|
| 1 | Q: | Is there any indication on the MCIS system that says that? |
| 2 | A: | No. |
| 3 | Q: | It's just a hunch? |
| 4 | A: | Say again. |
| 5 | Q: | Is it just a hunch? |
| 6 | A: | It's just a hunch. |

Id., Ex. A (VRP) at 661:5-21. Defendants dispute Eklund's characterization of Bonner's "hunch" testimony. Defs.' Reply at 6 n.3. Bonner's hunch remark at trial was inartful but by itself fails to rise to the level of malice. The reports provided to Bonner summarizing the ticket-fixing investigation constituted overwhelming evidence of employee misconduct.

However, having searched the record, the Court concludes that there is sufficient evidence for the jury to find Bonner's conduct malicious, oppressive or reckless. The July 12, 2004 letter to Judge Bonner, transmitting a written Memorandum (Exhibit 74) alleged that Judge Bonner had two conflicting roles: "in one sense bringing allegations for Bruce to defend and then simultaneously acting as an impartial hearing officer." The letter expressly requested another impartial hearing officer. Judge Bonner viewed the letter as a "thinly veiled threat." See Resp. to Allegations, dated July 29, 2004 (Exhibit 84). Notwithstanding the perceived threat, Judge Bonner proceeded to act as the final decision- maker and thereafter terminated Plaintiff's employment. The evidence at trial was sufficient to support a finding of bias and a personal stake of Judge Bonner in the resolution of the Plaintiff's allegations. The evidence, although weak, also supports a finding by the jury of malice or the deliberate or knowing violation of Plaintiff's rights to an unbiased decision- maker. The jury is presumed to have followed the Court's Instruction No. 18 setting forth the basis for any award of punitive damages. See Kennedy v. Lockyer, 379 F.3d. 1041, 1061 n.3 (9th Cir. 2004). The Court denies Bonner's motion to vacate the award of punitive damages.

ORDER 12–

**G.    Conclusion**

The Court GRANTS IN PART and DENIES IN PART Defendant Bonner's Post-Trial Motion for Judgment as a Matter of Law, docket no. 312.  The Court grants in part the motion and vacates the Court's Judgment awarding economic damages.  The Court denies the motion in all other respects and declines to vacate the Court's Judgment awarding non-economic or punitive damages.  The Court directs the Clerk to enter a Final Judgment as a matter of law that will be deemed to supercede the previously entered Judgment at docket no. 308.  The Final Judgment shall award Eklund no economic damages.

IT IS SO ORDERED.

DATED this 30th day of June, 2009.

*Thomas S. Zilly* (signature)
Thomas S. Zilly
United States District Judge

ORDER   13–