UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRUCE EKLUND, an individual,

    Plaintiff,

v.

THE CITY OF SEATTLE, et al.,

    Defendants.

C06-1815Z

ORDER

THIS MATTER comes before the Court on Plaintiff's Motion for Attorneys' Fees and Costs pursuant to 42 U.S.C. § 1988, docket no. 355, after a jury verdict partially in Plaintiff's favor. Plaintiff seeks $804,734.92 in attorneys' fees and $40,778.09 in costs.[1] Having considered the briefs and declarations in support of and in opposition to the motion, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Attorneys' Fees and Costs, docket no. 355, and enters the following Order.

I. **BACKGROUND**

On October 2, 2006, Plaintiff Bruce Eklund filed suit against the City of Seattle, Seattle Municipal Court, Fred Bonner, Gayle Tajima, Yolanda Williams, Mark Parcher and

---

[1] These are the original amounts requested by Eklund, amounts which the parties modified during the course of the briefing, as outlined in this Order.

ORDER  1–

1  the individuals' spouses and marital communities (collectively "Defendants"), alleging

2  claims for "breach of contract of employment, wrongful discharge, discharge in violation of

3  public policy . . . , whistleblower laws, violation of and conspiracy to violate the Public

4  Disclosure Act, constructive discharge, negligence, prima facie tort, defamation, invasion of

5  privacy and false light, violation of state and/or federal constitutional rights to free speech,

6  political participation and/or to public employment and/or requiring proper termination

7  thereof including termination only with a proper name clearing or 'Loudermill' hearing."

8  Compl., docket no. 1, ¶ 38; see also Second Am. Compl. ¶ 38. During the pre-trial stage of

9  the litigation, the Court dismissed eight claims on summary judgment. Orders, docket nos.

10  82, 179, 212; Minute Entry, docket no. 178. Eklund stipulated to the dismissal of two other

11  claims. Stipulation and Order, docket no. 118.

12  Between March 9, 2009, and March 19, 2009, the Court conducted a nine-day jury

13  trial on Eklund's two remaining claims: (1) wrongful discharge in violation of public policy,

14  and (2) violation of procedural due process, brought pursuant to 42 U.S.C. § 1983. At the

15  close of evidence, on March 19, 2006, and before submission of the case to the jury, the

16  Court dismissed all Defendants except Bonner and the City of Seattle on Eklund's first claim

17  for wrongful termination, and dismissed the City of Seattle on Eklund's second procedural

18  due process claim. Minute Entry, docket no. 296. On March 23, 2009, the jury found for

19  Defendants on the first claim and against Defendant Bonner on Eklund's second claim for a

20  violation of procedural due process. Jury Verdict, docket no. 301, at 1-2. The jury awarded

21  $210,000 in economic damages, $100,000 in non-economic (i.e., mental and emotional

22  distress) damages, and $150,000 in punitive damages against Bonner on Eklund's procedural

23  due process claim. Id. at 3. The Court entered a judgment in accordance with the jury

24  verdict. Judgment, docket no. 308. Bonner brought a post-trial motion for judgment as a

25  matter of law, which the Court granted in part, vacating the award of economic damages.

26  Order, docket no. 380.

ORDER  2–

## II. DISCUSSION

### A. Prevailing Party Under 42 U.S.C. § 1988

Eklund moves for $804,734.92 in attorneys' fees and $40,778.09 in costs pursuant to 42 U.S.C. § 1988(b), which provides that "[i]n any action or proceeding to enforce a provision of section[] . . . 1983 . . ., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . . ." Notwithstanding the fact that Eklund asserted twelve claims against six defendants and ultimately prevailed only on one claim against one defendant, Defendants do not contest that Eklund is a prevailing party entitled to an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b). The issue is what is reasonable given Eklund's limited success.

### B. Reasonableness Analysis

The United States Supreme Court has set forth a framework for analyzing the reasonableness of attorneys' fees awarded pursuant to 42 U.S.C. § 1988(b):

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. . . . Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. . . . The product of reasonable hours times a reasonable rate does not end the inquiry. . . . [W]here a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief[,] . . . two questions must be addressed. First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?

Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983). The number of hours reasonably expended multiplied by a reasonable hourly rate represents the "lodestar" method of determining a fee award. "The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007).

ORDER  3–

**C.    Attorneys' Fees**

    **1.    Reasonable Rates**

The first step of the lodestar calculation requires the Court to "consider what constitutes a reasonable hourly rate for work performed in the relevant community by attorneys of similar skill, experience and reputation." Mendez v. County of San Bernardino, 540 F.3d 1109, 1129 (9th Cir. 2008). Eklund requests the fees be calculated based on the following rates for Plaintiff's attorneys: (1) $295 per hour for Cleveland Stockmeyer, a lawyer since 1985, (2) $325 per hour for Duncan C. Turner, the managing partner of Bagley Mullins Law Group ("BMLG") and lawyer since 1990, (3) $250 per hour for Sandrin McEwan, a lawyer Of Counsel at BMLG and a lawyer since 1981, (4) $165 per hour for Mark Davis, an associate at BMLG and lawyer since 2006, and (5) $95 and $70 per hour for two BMLG legal assistants. Stockmeyer Decl., docket no. 335, ¶ 106; Turner Decl., docket no. 337, ¶¶ 4-7. Eklund submits a declaration of a local attorney, Philip Cutler, attesting to the reasonableness of the rates requested. Cutler Decl., docket no. 336 (Praecipe, docket no. 339), ¶¶ 8-9. Defendants argue that Cutler's opinion as to the reasonableness of the hours expended in the litigation should be given no weight, but they do not challenge Cutler's opinion regarding the reasonableness of the rates. Nor do Defendants submit any of their own declarations to challenge the reasonableness of Plaintiff's attorneys' rates. The Court finds that the requested rates are reasonable.

    **2.    Reasonable Hours**

The second step of the lodestar calculation requires the Court to determine the reasonable hours expended on the litigation. Under Hensley, the Court must consider the relatedness of the unsuccessful claims to the successful claims, and the overall level of success achieved by Plaintiff.

Plaintiff's attorneys have calculated their "gross hours" expended in the litigation. They then attempted to make a good faith effort to exclude from their fee request excessive

ORDER  4–

time by excluding time spent on an unsuccessful motion to amend, on an unsuccessful opposition to a motion for summary judgment, on an unsuccessful opposition to a motion for relief from expert witness fees, and other "unnecessary time." Stockmeyer Decl. ¶¶ 112-13, Ex. 5; Turner Decl. ¶ 9, Ex. 2.  After reducing his "gross" hours expended on the litigation by 76.6 hours, Stockmeyer seeks reimbursement for 1,109 hours of time spent on the litigation.  Id. ¶ 114.  At the rate of $295 per hour, Stockmeyer seeks fees in the amount of $327,155.00.  Stockmeyer seeks an additional $9,912,00 in fees for 33.6 hours of time spent after April 15, 2009.  Suppl. Stockmeyer Decl., docket no. 356, ¶¶ 3-5.  He also seeks $3,835.00 in fees for 13 hours to prepare the present fees motion.  Suppl. Stockmeyer Decl. (Reply), docket no. 374, ¶¶ 2-3.  Stockmeyer's total fee request is therefore $340,902.00. After reducing their "gross" hours expended on the litigation by 160.7 hours, BMLG lawyers and legal assistants seek reimbursement for 2,107.5 hours.  Turner Decl. ¶¶ 8-10.  BMLG seeks $353,427.50 in fees based on these hours (at the varying rates outlined above).  BMLG seeks an additional $9,275.00 in fees for 43.2 hours expended after April 15, 2009, responding to Bonner's post-trial motion for judgment as a matter of law.  Suppl. Turner Decl., docket no. 357, ¶¶ 2-3.  BMLG also seeks $2,275.00 for seven hours to prepare the fees motion.  Suppl. Turner Decl. (Reply), docket no. 373, ¶ 3.  BMLG's total fee request is therefore $364,977.50.[2]

The Court has meticulously reviewed the billing records submitted by Plaintiff's attorneys, Defendants' objections, and Plaintiff's attorneys' responses.  See Overbey Decl. Exs. D-G (Defendants' markup of Plaintiff's attorneys' billing records).[3]  After a complete review of the record, the Court calculated the time and the corresponding fees that should be deducted in response to each of Defendants' objections accepted by the Court.  Where there

---

[2] BMLG later agrees to reduce its fee request by $4,985.00 in connection with Plaintiff's reply brief.  Suppl. Turner Decl., docket no. 373, ¶ 2(a).

[3] The abbreviations used by Defendants to identify objectionable portions of the billing entries are outlined in Paragraph 5 of the Overbey Declaration, docket no. 368.

ORDER  5–

was more than one meritorious objection, the Court divided the time equally among the various objections. The Court has taken care not to exclude time already excluded by Plaintiff's attorneys. The Court has also considered Plaintiff's counsel's lack of success in opposing Parcher, Tajima and Williams' motion for fees and damages under Washington's Anti-SLAPP statute and the mixed success in opposing Bonner's motion for judgment as a matter of law when assessing the appropriate fee award.

First, the Court rejects fees incurred in Eklund's pursuit of his unsuccessful claims, finding them not so factually or legally related to Eklund's successful procedural due process claim against Bonner to warrant an award of fees for his unsuccessful claims. See Webb v. Sloan, 330 F.3d 1158, 1168 (9th Cir. 2003) (holding that "related claims involve a common core of facts *or* are based on related legal theories").[4] The procedural due process claim presented distinct facts and legal theories from Eklund's claims that were dismissed prior to trial or as a result of the jury verdict. For example, the facts and law involved with Eklund's breach of contract claim, in which Eklund had to demonstrate that his at-will status was modified by an express or implied agreement, were wholly unrelated to Eklund's procedural due process claim. The Court rejects Eklund's contention that "facts relevant to claims against Tajima, Parcher and Williams were directly relevant to show bias or motive or malice by their direct supervisor, Judge Bonner." Pl.'s Mot., docket no. 355, at 9. An award of fees to Eklund for suing these individuals would undermine the purposes of Washington's Anti-SLAPP statute and contradict the Court's ruling in favor of these defendants on their counterclaim for attorneys' fees and statutory damages under Washington's Anti-SLAPP statute. See Order, docket no. 379. For time spent on unsuccessful and unrelated claims, the

---

[4] Notwithstanding the Court's deductions for fees obviously incurred on unsuccessful and unrelated claims, Eklund still will be receiving substantial fees that were incurred in pursuing the lawsuit as a whole that are not necessarily tied to the successful due process claim. For example, the Court did not reduce Plaintiff's attorneys' fees incurred in trial preparation or trial attendance to reflect the fact that Eklund only succeeded on one of two claims that were tried.

ORDER  6–

Court reduces Stockmeyer's fee request by $19,499.50 (66.1 hours) and BMLG's fee request by $53,354.20 (330.35 hours).

Second, the Court deducts Plaintiff's attorneys' fees that are unnecessarily duplicative or excessive. See Hensley, 431 U.S. at 434 ("Hours that are not properly billed to [a] client [in the private sector] also are not properly billed to one's adversary pursuant to statutory authority."); Moreno v. City of Sacramento, 534 F.3d 1106, 1113 (9th Cir. 2008) (only deducting time for *unnecessarily* duplicative work); Chun Decl., docket no. 367, ¶¶ 8-10 (attesting to the inefficiencies of Eklund's multi-staffing of depositions, mediation and trial). For example, the Court awards all of the fees claimed by the senior level attorneys, Stockmeyer and Turner, to attend trial, but does not award fees for a junior associate and a paralegal to attend trial. For unnecessarily duplicative time, the Court reduces Stockmeyer's fee request by $32,346.75 (109.65 hours) and BMLG's fee request by $42,437.00 (263.2 hours).[5] For excessive time, the Court reduces Stockmeyer's fee request by $49,029.00 (166.2 hours) and BMLG's fee request by $96,316.80 (488.7 hours).

Third, the Court deducts Plaintiff's attorneys' fees for administrative and secretarial tasks that should be considered general overhead to run a law office. See Keith v. Volpe, 644 F.Supp. 1312, 1316 (C.D. Cal. 1986) (reducing fee request of 2,432.8 hours by "170.7 hours for time spent on filing, document organization and other clerical matters that should be covered in hourly rates as normal overhead"). Defendants have submitted the declaration of an attorney in the local community who notes the reasonable practice of not charging clients for fees incurred as the result of coordinating with co-counsel from more than one law office. Chun Decl. ¶ 5. For time spent on unnecessary administrative and secretarial tasks, the Court reduces Stockmeyer's fee request by $1,858.50 (6.3 hours) and BMLG's fee request by $17,306.00 (175.1 hours).

---

[5] The Court allows fees for all attorneys to attend the Court's technology training, which Defendants had objected to as duplicative.

ORDER 7–

Fourth, the Court deducts Plaintiff's attorneys' fees for non-compensable time. For example, the Court rejects Stockmeyer's request for fees for pre-litigation work done more than two years before the filing of the lawsuit, except that the Court allows nine hours for time spent preparing the administrative claim against the City of Seattle. For time spent on non-compensable tasks, the Court reduces Stockmeyer's fee request by $7,965.00 (27 hours) and BMLG's fee request by $3,138.25 (21.15 hours).

Fifth, the Court deducts Plaintiff's attorneys' fees to account for the practice of block billing "because block billing makes it more difficult to determine how much time was spent on particular activities." Welch, 480 F.3d at 948. In Welch, the Ninth Circuit upheld "the district court's authority to reduce hours that are billed in block format" so long as the reductions are tailored to the block-billed entries. See id. The Court imposes a twenty percent reduction in fees *for block-billed entries that were objected to by Defendants*, which, the Court notes, were not all of Plaintiff's attorneys' block-billed entries. Where Defendants objected to an entry as being block-billed coupled with another reason, the Court only applied the twenty percent reduction to half of the hours expended. For block-billing, the Court reduces Stockmeyer's fee request by $2,882.15 (twenty percent of $14,410.75) and BMLG's fee request by $3,421.46 (twenty percent of $17,107).

The Court's fee deductions are summarized in the tables below.

**Table 1. Deductions to the Stockmeyer Fee Request**

| Objection | Hours | Fees (at $295 per hour) |
|---|---|---|
| Unsuccessful/Unrelated Claims | 66.1 | $19,499.50 |
| Duplicative | 109.65 | $32,346.75 |
| Excessive | 166.2 | $49,029.00 |
| Administrative/Secretarial | 6.3 | $1,858.50 |
| Non-compensable | 27 | $7,965.00 |
| Block-billing | 9.77 | $2,882.15 |

ORDER  8–

| | | |
|---|---|---|
| TOTAL | 385.02 | $113,580.90 |

Accordingly, the Court deducts $113,580.90 in fees from Stockmeyer's fee request of $340,902.00, to calculate an adjusted fee request of $227,321.10.

**Table 2. Deductions to the BMLG Fee Request**

| Objection | Hours | Fees (at varying rates) |
|---|---|---|
| Unsuccessful/Unrelated Claims | 330.35 | $53,354.20 |
| Duplicative | 263.2 | $42,437.00 |
| Excessive | 488.7 | $96,316.80 |
| Administrative/Secretarial | 175.1 | $17,306.00 |
| Non-compensable | 21.15 | $3,138.25 |
| Block-billing | 20.26 | $3,421.46 |
| TOTAL | 1,298.76 | $215,973.71 |

Accordingly, the Court deducts $215,973.71 in fees from BMLG's fee request of $364,977.50, to calculate an adjusted fee request of $149,003.79.

After taking the Court's deductions outlined above into account, Plaintiff's total adjusted fee request is for $376,324.89. The Court finds that Eklund's success in obtaining a $250,000 Final Judgment on his procedural due process claim against Bonner warrants an award of $376,324.89 in fees. See Hensley, 461 U.S. at 434. The Court has balanced the fact that Eklund prevailed on only one of his twelve claims with the fact that he obtained a substantial jury verdict and a substantial Final Judgment.

### 3.    No Upward Adjustment

The Court may "adjust the fee upward or downward" based on the factors identified in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974). Hensley, 461 U.S. at 434 and n.9. "[I]n some cases of exceptional success an enhanced award may be

ORDER   9–

justified." Id. at 435.  Eklund briefly argues that several factors support an upward adjustment of fifteen percent.  Eklund relies on the Stockmeyer Declaration, ¶¶ 117 et seq., in which Plaintiff's attorney describes the difficulty of the case and how the case precluded him from taking other work.  This is not an exceptional case.  The Court declines to adjust the lodestar amount upward.

### D. Costs

Under 42 U.S.C. § 1988, Eklund may recover "out-of-pocket expenses incurred by an attorney which would normally be charged to a fee paying client."  Chalmers v. City of Los Angeles, 796 F.2d 1205, 1216 n.7 (9th Cir. 1986).  "Thus reasonable expenses, though greater than taxable costs, may be proper."  Harris v. Marhoefer, 24 F.3d 16, 20 (9th Cir. 1994).[6]

Stockmeyer requests $1,031.61 in costs, and BMLG requests $39,746.48 in costs.  Stockmeyer Decl. ¶ 116, Ex. 4; Turner Decl. ¶ 11, Ex. 1.  Defendants object to Stockmeyer's request for $241.80 for copies at Office Max, for $182.41 for the Prolumia copy of Volume II of Eklund's video deposition, and for $150.00 for parking during the trial.  The Court rejects Defendants' objections and grants Stockmeyer his full request for $1,031.61 in costs.  Having carefully considered Defendants' objections to BMLG's costs and Turner's response thereto, the Court reduces BMLG's request for $39,746.48 by $6,168.00 for Dr. Lindsay's expert fees,[7] by $10,000.00 for a substantial portion of the electronic legal research and in-house copying charges because some of these charges should be absorbed as office overhead, and by $550.00 for excessive parking charges.  Accordingly, the Court awards BMLG $23,028.98 in costs.  The total costs awarded to Eklund is therefore $24,060.59.

---

[6] Eklund did not submit a cost bill pursuant to 28 U.S.C. § 1920.

[7] Plaintiff concedes this is a reasonable deduction.  Suppl. Turner Decl., docket no. 373, ¶ 2(b).
ORDER   10–

### III. CONCLUSION

The Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Attorneys' Fees and Costs pursuant to 42 U.S.C. § 1988, docket no. 355. The Court ORDERS Defendant Fred Bonner to pay attorney Cleveland Stockmeyer $227,321.10 in attorney's fees and $1,031.61 in costs, and to pay BMLG $149,003.79 in attorneys' fees and $23,028.98 in costs. The Court ORDERS that a Judgment be entered in favor of Eklund and against Bonner in the amount of $376,324.89 in attorneys' fees and $24,060.59 in costs.

IT IS SO ORDERED.

DATED this 2nd day of July, 2009.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

ORDER   11–